HICKS, D. B. A. A AND H VENDING COMPANY, APPELLEE, *v.* AKRON (CITY) ET, APPELLANTS.

Ohio Appeals, Ninth District, Summit County.

No. 5127. Decided November 1, 1961.

*Mr. Mark F. McChesney,* for appellee.

*Mr. Harry N. Van Berg,* director of law, *Mr. Sal Germano* and *Mr. John H. Zerbe,* assistant directors of law, for appellants.

DOYLE, J. Herbert A. Hicks, doing business as A and H Vending Company, filed a petition in the Court of Common Pleas of Summit County, naming the city of Akron, and Harry Whidon, Akron's Chief of Police, as defendants.

The petitioner alleged that he owned thirty-six coin-operated vending machines, located in various places of business in the municipal corporation of Akron, which "dispense latex prophylactics encased in original, unbroken, wrapped packages, as prepared by the manufacturer thereof, and are dispensed by said vending machines in said original packages to customers

or purchasers upon deposit by said customers or purchasers of twenty-five cents * * * or fifty cents * * * for each package in the * * * machine; that legibly printed on the exterior of the * * * machine and on each individual package is the language 'Sold for the prevention of disease only,' and that plaintiff sells said prophylactics with the sole intent that the customers or purchasers use them for the prevention of venereal disease and for no other purpose.''

It was further pleaded that the Chief of Police, through the ·Akron Police Department, threatened to confiscate the machines and arrest the proprietors of stores where the machines were used, by virtue of the prohibitions incorporated in an ordinance of the city of Akron, effective as of July 29, 1960. This ordinance (557-1960) is:

''Section 1. That Title 11, Chapter 1123, of the Code of the City of Akron, Ohio, 1960, be and the same is hereby supplemented by the enactment of Section 1123.08, Revised Code as follows:

''No person shall knowingly sell, display, or advertise for sale any article which may be used for the prevention of conception and/or venereal disease; nor shall any person knowingly display any machine or device for the dispensing of such articles.

''Nothing contained in this ordinance shall affect practitioners of medicine or druggists in their legitimate business.''

''Section 2. This ordinance is hereby declared to be an emergency measure necessary for the immediate preservation of the public peace, safety and welfare for the reason that the indiscriminate dissemination of such devices promotes immorality * * *.''

The petition sought a declaratory judgment that the ordinance is unconstitutional. It charges that the ordinance is ''discriminatory, arbitrary, unreasonable, * * *, illegal, and that it does not provide equal protection of the laws in that it does not provide universal operation as to all persons, in violation of the Fourteenth Amendment of the Constitution of the United States and the Constitution and Bill of Rights of the state of Ohio.'' Injunctive relief was also sought against confiscation and arrest, as there was no other adequate relief,

and arrests and seizure of property "would produce great and irreparable injury * * *."

A demurrer to the petition was overruled by the court, and a hearing was had, which ended with the following judgment declaring the ordinance unconstitutional; from which an appeal on questions of law has been taken:

"This cause came on to be heard on the petition and the evidence, the defendants demurred to the petition which demurrer having been heretofore overruled, and the defendants not desiring to plead further, the allegations of the petition are admitted to be true.

"The court finds that ordinance No. 557-1960 of the city of Akron as set forth in the petition is unconstitutional and the subject of this action is properly raised in a declaratory judgment action.

"It is, therefore, ordered, adjudged and decreed that a declaratory judgment be granted; that the said ordinance is unconstitutional; that the defendants and their agents be enjoined from enforcing said ordinance; and that the defendants pay the costs of this action."

The city-appellant charges error in the court's ruling in the following respects:

"1. The court erred in overruling the demurrer of the defendants.

"2. The judgment is contrary to law."

We first direct our attention to the question of whether the ordinance is invalid on the ground of conflict with general laws, as proscribed by Sec. 3 of Art. XVIII of the Constitution of Ohio.

The city ordinance makes a violation of its terms a misdemeanor, while a violation of the state law, to which reference is later made, constitutes a felony.

The Constitution (Sec. 3, Art. XVIII) states:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

Construing the words "as are not in conflict with general laws" as not modifying the words "powers of local self-government," but as modifying the words "local police, sanitary and

other similar regulations" (*State, ex rel. Canada,* v. *Phillips, Dir. of Public Safety,* 168 Ohio St., 191), we are of the conclusion that, inasmuch as the ordinance is a local police regulation, if it is in conflict with the state law, it is unconstitutional. The question then arises: Is it in conflict?

The state law (Section 2905.34, Revised Code), is in the following terms:

"No person shall knowingly sell, lend, give away, exhibit, or offer to sell, lend, give away, or exhibit, * * * a drug, medicine, article, or thing intended for the prevention of conception, * * *, or advertise any of them for sale, or write, print, or cause to be written or printed a card, book, pamphlet, advertisement, or notice giving information when, where, how, of whom, or by what means any of such articles or things can be purchased or obtained * * *.

"Whoever violates this section shall be fined not less than two hundred nor more than two thousand dollars or imprisoned not less than one nor more than seven years, or both."

The municipal ordinance and the state law are similar, in that each undertakes to make a criminal act out of knowingly selling, or offering for sale, or exhibiting or displaying for sale, an article intended for the prevention of conception. While the ordinance uses the words "which may be used for the prevention of conception," and the state law uses the words "intended for the prevention of conception," nevertheless, a violation of the state law would likewise constitute a violation of the ordinance under the quoted phrases.

While the Home Rule amendment of the Ohio Constitution permits municipalities to adopt local police regulations, it is settled in this state that, if such regulations make the same conduct as proscribed by state law a misdemeanor, when the state makes it a felony, then the local police regulation is in conflict with the statutory enactment and is unconstitutional. *City of Cleveland* v. *Betts,* 168 Ohio St., 386.

We conclude that this ordinance in the particulars heretofore noted, is in conflict with the Constitution.

In view of the fact that the judgment under review is based only on the constitutionality of the ordinance, the judgment will be affirmed.

534

The constitutionality of the state law is not before us. Judgment affirmed.

STEVENS, P. J., and HUNSICKER, J., concur.