CITY OF AKRON, APPELLEE, *v.* VITORATOS, APPELLANT.

(No. 5274—Decided March 6, 1963.)

*Mr. James V. Barbuto,* director of law, for appellee.
*Mr. William Vitoratos,* in propria persona.

DOYLE, J.   William Vitoratos, alias Bill Victor, was charged by affidavit in the Municipal Court of Akron with the violation of a penal ordinance of the city, in that he "wilfully and maliciously did destroy one car window, property of William Sands, and not * * * [his] the said defendant's, in violation of Section 16, Chapter No. 25 of Akron City Code."

Pursuant to trial he was adjudged guilty and duly sentenced for the commission of a misdemeanor.

Several years later the defendant filed a petition in the Municipal Court to vacate the judgment of conviction, upon the ground that the city ordinance upon which the charge was predicated was unconstitutional.

A hearing was held upon the petition to vacate, and the following judgment was entered:

"This day, May 31, 1962, this cause came on to be heard

before the Honorable * * * C. B. McRae on a petition to vacate the judgment of this court in the above-captioned case.

"The petitioner, having been duly notified of the time of said hearing, but not being present in court by reason of his confinement in the Ohio State Penitentiary * * * [on a felony conviction in the Court of Common Pleas], and not being represented by counsel, the city of Akron being represented by Arthur Snell, assistant city prosecutor, the cause proceeded to hearing.

"The court then took said cause under advisement, and thereafter, on June 1, 1962, rendered the following decision:

" 'The court being fully advised in the premises, finds that this cause has been fully adjudicated, that no new questions of law or fact have been raised in said petition, and that the rights of said defendant have been fully protected throughout and that therefore said petition to vacate judgment is denied.' "

An appeal from this judgment brings the matter to this court for review; and the sole question here is whether the ordinance upon which the charge and conviction is based is constitutional.

The city ordinance, Section 16, Chapter 25 of the Akron City Code [now Section 1159.02], here under scrutiny, reads:

"Whoever shall maliciously destroy, injure or deface any building, fence, bridge or other property not his own, shall be deemed guilty of a misdemeanor and shall be fined not more than five hundred dollars or imprisoned in the city workhouse for a period not to exceed six months, or by both such fine and imprisonment."

It is observed that the ordinance classifies the offense as a misdemeanor, and limits the punishment to that of a misdemeanor, regardless of the value of the property destroyed or the damage in dollars of the injury done.

The state law, treating malicious offenses against property, is stated as follows:

Section 2909.01, Revised Code. "No person shall maliciously destroy or injure property not his own.

"Whoever violates this section shall be imprisoned not less than one nor more than seven years if the value of the property destroyed, or the injury done, is one hundred dollars or more.

"If the value is less than one hundred dollars, such person

shall be fined not more than five hundred dollars or imprisoned not more than thirty days, or both."

By virtue of Section 3, Article XVIII of the Ohio Constitution, "a police regulation in a municipal ordinance may not validly contravene a statutory enactment of general application throughout the state, and must give way if it is in conflict therewith." *City of Cleveland* v. *Betts,* 168 Ohio St., 386, at page 388.

In the case before us, if the municipal ordinance had been confined to the malicious injury or destruction of property with a resultant damage of less than one hundred dollars, and had otherwise not been in conflict with the misdemeanor provision in Section 2909.01, Revised Code, then the ordinance would not have violated Section 3 of Article XVIII of the Constitution. Standing as it is, and making a misdemeanor out of offenses which are made a felony by state law (malicious destruction or injury with damage of one hundred dollars or more), the ordinance cannot stand, and must be declared unconstitutional.

It is further observed that the charge in the affidavit did not include the damage in dollars of the property injured or destroyed.

In addition to citing *City of Cleveland* v. *Betts, supra,* we also cite a decision of this court, unofficially reported as *Hicks* v. *City of Akron,* 87 Ohio Law Abs., 530.

Judgment reversed and cause remanded to the Municipal Court, with directions to vacate the judgment of conviction and dismiss the charge.

*Judgment reversed and cause remanded.*

Hunsicker, P. J., and Stevens, J., concur.