CITY OF COLUMBUS, APPELLEE, *v.* COOK, APPELLANT.   (Two cases.)

(Nos. 7416 and 7417—Decided September 29, 1964.)

*Mr. John C. Young,* city attorney, *Mr. Howard P. Lowe* and *Mr. L. Anderson Fanta,* for appellee.

*Mr. William J. Abraham* and *Mr. Irving M. Gertner,* for appellant.

BRYANT, J.   Two appeals on questions of law will be considered in this opinion.

In our case No. 7416 (Municipal Court No. 1779 [1963]), an affidavit was filed in Columbus Municipal Court on January 14, 1963, signed and sworn to by Phyllis Evans, alleging in substance that Eugene William Cook, on January 5, 1963, in Columbus, Ohio, did molest one Jerry Evans, a nine-year-old boy, contrary to the provisions of Section 2343.06 of the Columbus City Codes.

In our case No. 7417 (Municipal Court No. 1780 [1963]), an affidavit was filed in Columbus Municipal Court on January 14, 1963, signed and sworn to by John J. Stoneking, alleging in substance that Eugene William Cook, on January 12, 1963, in Columbus, Ohio, did molest one John Stoneking, a nine-year-old boy, contrary to the provisions of Section 2343.06 of the Columbus City Codes.

The section alleged to have been violated in both cases is found in Chapter 2343, "Indecency and Unchastity," of the Columbus City Codes. This section, after forbidding certain specific acts of annoyance or immorality with respect to children

under sixteen years of age, also forbids any person to "otherwise, in any manner, molest any child under sixteen years of age."

It appears that on January 15, 1963, in both cases, Cook, who is the appellant in each case, was arraigned on both affidavits and in each case entered a plea of guilty to the charge, whereupon the trial court ordered Cook sent to the Lima State Hospital for examination.

On February 13, 1963, Dr. J. O. Crist, Acting Superintendent of Lima State Hospital, reported that Cook was not mentally ill, was not a mentally deficient offender, but that he would be "considered a psychopathic offender." (Letter, dated February 13, 1963, J. O. Crist, M. D., Acting Supt.)

Cook was returned to Columbus from the Lima State Hospital and was brought before the trial court again on March 11, 1963. Present with him at that time was his attorney. It was then that the trial court sentenced Cook to one year in the Columbus workhouse and fined him $300 and costs in each case with indefinite commitments to the Department of Mental Hygiene and Correction, pursuant to the provisions of Section 2947.25 of the Revised Code.

On March 18, 1963, counsel for Cook filed notices of appeal to this court in each of the cases, along with praecipes and indication of service of copies of the two notices of appeal upon the City Attorney of Columbus. (Record, Item 12.)

Thereafter, on March 27, 1963, according to the record, bills of exceptions were presented to and allowed by the trial court in each case. Neither has been brought to the attention of the writer of this opinion, nor has diligent search been effective in locating either of them. However, it would appear that such bills of exceptions are not now required to dispose of the strictly legal question raised by the appeals. (If counsel for Cook or the city of Columbus do not agree, they should bring it to the attention of the court within five days from the date of this opinion.)

It appears further that after sentence as aforesaid, Cook was returned to the Lima State Hospital for treatment, but that, on November 21, 1963, a hearing was had before the Common Pleas Court of Allen County on habeas corpus proceedings brought on behalf of Cook.

The Allen County court held that the order of the Columbus Municipal Court referring Cook for mental treatment pursuant to Section 2947.25 of the Revised Code was illegal "for the reason that Section 2947.25 of the Ohio Revised Code does not contemplate violations of municipal ordinances as the misdemeanors referred to in said statute."

Counsel for Cook have assigned two errors in each case, which read as follows:

"1. In unlawfully referring defendant-appellant to the Department of Mental Hygiene which committed defendant-appellant to Lima State Hospital for violation of a Columbus Municipal Ordinance.

"2. In convicting and sentencing defendant-appellant for violation of an ordinance which is and was, at the time of conviction and sentencing, void."

Since the filing of defendant's briefs containing the two assignments of error quoted above, counsel for Cook has filed a motion to dismiss the first assignment in each case "for the reason that the question is now moot." We agree and the first assignment of error is hereby dismissed.

Under the second and final assignment of error, two questions are urged on behalf of Cook. The first is that the city ordinance under which Cook was sentenced is void "for indefiniteness and uncertainty." With this we do not agree. Section 2343.06 of the Columbus City Codes reads as follows:

"No person shall improperly follow, improperly pursue, improperly lay hands on, or take indecent and improper liberties with, entice, allure, persuade into any room, office, motor vehicle, or any other place for the purpose of taking any immodest, immoral or indecent liberties; or otherwise, in any manner, molest any child under sixteen years of age."

The state of California has enacted a statute in similar terminology to that in the Columbus ordinance referred to above. The California statute, Section 647a, subdivision (1) of the Penal Code provides in part as follows:

"Every person who annoys or molests any child under the age of 18 is a vagrant and is punishable, * * *."

In *People* v. *Carskaddon* (1957), 49 Cal. 2d 423, 318 P. 2d 4, the second and fourth paragraphs of the syllabus are as follows:

"The purpose of Penal Code, Section 647a, subdivision (1), declaring that a person who annoys or molests a child is a vagrant, is the protection of children from interference by sexual offenders, and the apprehension, segregation and punishment of such offenders."

"Ordinarily the annoyance or molestation which is forbidden by Penal Code, Section 647a, subdivision (1), declaring that a person who annoys or molests a child is a vagrant, is not concerned with the state of the child's mind, but it is the objectionable acts of defendant that constitute the offense; if his conduct is so lewd or obscene that the normal person would unhesitatingly be irritated by it, such conduct would annoy or molest within the purview of the code section."

The purpose of the California statute is explained in the fourth paragraph of the syllabus of *People* v. *Carskaddon* (1959), 170 Cal. App. 2d 45, 338 P. 2d 201, which reads as follows:

"Ordinarily the annoyance or molestation that is forbidden by Penal Code, Section 647a, subdivision (1), declaring that a person who annoys or molests a child is a vagrant, is not concerned with the state of the child's mind, but it is the objectionable acts of defendant that constitute the offense; if his conduct is so lewd or obscene that the normal person would unhesitatingly be irritated by it, such conduct would annoy or molest within the purview of the code section."

In the case of *State* v. *Trenary* (1955), 79 Ariz. 351, 290 P. 2d 250, the defendant had appealed from conviction under an Arizona statute reading in part as follows:

"Any person who molests a child under the age of sixteen (16) years, * * *."

In the course of the opinion, at page 354, the court points out that the use of the words "annoy" or "molest" when used with reference to offenses against a child has " 'a connotation of abnormal sexual motivation on the part of the offender.' " We conclude, therefore, that the first question must be decided adversely to the defendant.

There remains one further question under the second assignment of error, namely, that Section 2343.06 of the Columbus City Codes is void because it makes a misdemeanor out of an identical act or acts, which in the state law, namely, Section

2903.01 of the Revised Code, are made felonies. Section 2903.01, Revised Code, reads as follows:

"No person over the age of eighteen years shall assault a child under the age of sixteen years, and willfully take indecent and improper liberties with the person of such child, without committing or intending to commit the crime of rape upon such child, or willfully make improper exposures of his person in the presence of such child.

"Whoever violates this section is guilty of felonious assault and shall be fined not less than five hundred nor more than five thousand dollars or imprisoned not less than one nor more than ten years, or both."

It apparently is claimed that the provisions of the state law penalizing taking indecent and improper liberties with the person of a child, being also found in the city ordinance, render the ordinance invalid under the holding of the Supreme Court in *City of Cleveland* v. *Betts* (1958), 168 Ohio St. 386. See, also, a similar holding in *Hicks* v. *Akron* (1961), 87 Ohio Law Abs. 530.

In the affidavits under which Cook was charged, he apparently was found guilty under the final phrase of the ordinance section which penalizes "otherwise" molesting a child under sixteen years of age. Otherwise than what? The answer is that it was otherwise than in the specific manner above set forth, which includes the language relating to taking indecent and improper liberties.

As a result, we are not called upon to determine whether there is a conflict between state law and city ordinance, and hence it follows that the second question under the second assignment of error is not well taken and must be overruled.

For the reasons above set forth, the second assignment of error is hereby overruled, the judgment is affirmed and the cause is remanded for further proceedings according to law.

*Judgment affirmed.*

DUFFY, P. J., and DUFFEY, J., concur.