[Crim. No. 5242.   Second Dist., Div. Two.   Feb. 11, 1955.]

THE PEOPLE, Respondent, v. AMOS OTHO McNAIR,
Appellant.

Earl C. Broady for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier, and F. G. Girard, Deputy Attorneys General, for Respondent.

McCOMB, J.—From a judgment of guilty of violating section 647a, subdivision (1), of the Penal Code, after trial be-

fore the court without a jury, defendant appeals. There is also an appeal from the order denying his motion for a new trial.

*Facts*:* On May 10, 1953, a 7-year-old girl was playing in the area which separated two apartment houses. While she was so playing she observed defendant half out the window of his apartment, naked, waving his hands outward. When anybody besides the little girl appeared defendant withdrew into his apartment. His penis was flush with the outside of the building and approximately one half foot from the lower part of the window sill. Defendant stated to a police officer ''that he was pretty hot and he was going to masturbate,'' and gave as a reason for exposing himself to the girl, ''I guess I am just proud of myself,'' and ''Well, when a little girl wants to look at me when I am just proud I will let her look if she wants to.''

Section 647a, subdivision (1), of the Penal Code reads in part: ''Every person who annoys or molests any child is a vagrant . . .''

■ *Questions*: First: *Was there substantial evidence to sustain the judgment of conviction?*

*Yes.* The complaining witness and a police officer gave direct evidence of the facts as set forth above. Clearly such evidence sustains the finding of guilty of the offense charged.

Defendant's contention that the facts would not support the finding that the child had been ''annoyed or molested'' by defendant is devoid of merit. The word ''annoy'' is defined as meaning, ''to disturb or irritate, esp. by continued or repeated acts; to vex . . .'' (Webster's New Inter. Dict., 2d ed. 1939, vol. 1, p. 108), or ''a feeling of discomfort or vexation caused by affliction with something which one dislikes.'' (Webster's New Inter. Dict., *supra*.) The word ''molest'' is generally synonymous with ''annoy.'' (*People v. Pallares*, 112 Cal.App.2d Supp. 895, 901 [11-12] [246 P.2d 173].)

■ It is also settled that the element of annoyance as provided in section 647a, subdivision (1) of the Penal Code is not concerned with the state of mind of the child. It is the objectionable acts of defendant which constitute the offense.

*The evidence is viewed in the light most favorable to the People (respondent) pursuant to the rule set forth in *People* v. *Pianezzi*, 42 Cal. App.2d 265, 269 [2] [108 P.2d 732], hearing denied by the Supreme Court.

(*People* v. *Pallares, supra,* 901, 902.) If the conduct of a defendant is so lewd or obscene that the normal person would unhesitantly be irritated by it, such conduct would "annoy or molest" within the purview of section 647a, subdivision (1), Penal Code. (*People* v. *Pallares, supra,* 902; *State* v. *Chaplinsky,* 91 N.H. 310 [18 A.2d 754, 762].)

Clearly, in the instant case, applying the above rules, the acts performed by defendant were lewd and obscene and would unhesitantly irritate a normal person. Therefore such conduct constituted a violation of section 647a, subdivision (1) of the Penal Code. Further discussion of the evidence will serve no useful purpose. (*Thatch* v. *Livingston,* 13 Cal.App. 2d 202, 203 [56 P.2d 549].)

■ Second: *Was the corpus delicti of the offense established independently of defendant's admissions?*

*Yes.* The complaining witness testified as to the naked condition of defendant and that when any person other than the little girl appeared he withdrew from view. Clearly this was a prima facie case established independently of defendant's admissions of the crime involved.

An examination of the record discloses that defendant had a full, fair and impartial trial.

The judgment and order are, and each is, affirmed.

Moore, P. J., and Fox, J., concurred.