[Crim. No. 2936.   Third Dist.   Apr. 29, 1959.]

THE PEOPLE, Respondent, v. ELZIE LEROY
CARSKADDON, Appellant.

Robert O. Fort, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

SCHOTTKY, J.—Defendant was charged with a violation of section 647a, subdivision 1, of the Penal Code, the information also alleging two prior convictions of section 288 of the Penal Code. The defendant pleaded not guilty to the crime charged in the information but admitted the prior convictions. Defendant waived a trial by jury, and following a trial the court found defendant guilty as charged. He has appealed from the judgment of conviction, and his sole contention on appeal is that the evidence is insufficient to sustain his conviction.

There is little conflict in the evidence. On the afternoon of April 21, 1958, the complaining witness, an unmarried 17-year-old high school student, was walking home from school by herself. About a block from her house, the appellant overtook her and the two exchanged greetings, the appellant speaking first. Prior to this time the complaining witness and the appellant had never met. The appellant fell in beside her and together they walked toward her house. The conversation between them concerned the weather, schoolwork and housework. It is wholly unnecessary to set forth in detail the extremely lewd and obscene questions asked of and comments made to the complaining witness, that is if she had ever had certain unnatural acts performed upon her. For the purposes of this opinion it is sufficient to note that the record in this regard adequately supports the conclusion of the trial court.

The appellant left and walked on down the street. The complaining witness immediately reported the incident to a nearby police officer and the appellant was shortly thereafter placed under arrest.

The complaining witness testified that the conversation with the appellant upset her at first, making her very angry until the humiliation caused her to go home and cry.

The appellant took the stand and admitted that he had asked questions which formed the basis of the complaint and that the complaining witness had appeared upset when he mentioned this to her. He also admitted that when he asked her this he had reference to her private parts.

In answer to a question by his own counsel as to why he

had asked the question of the complaining witness appellant answered: "Well, I did twenty-four years in prison and during that time, why, I heard so many guys talking about these things and just out of curiosity, why, I asked the young lady there. I didn't have no intention of wanting to do anything myself but I was just curious, curiosity. . . ."

Section 647a, subdivision 1, of the Penal Code provides: "Every person who annoys or molests any child under the age of 18 is a vagrant and is punishable upon first conviction by a fine not exceeding five hundred dollars ($500) or by imprisonment in the county jail for not exceeding six months or by both such fine and imprisonment and is punishable upon the second and each subsequent conviction or upon the first conviction after a previous conviction under Section 288 of this code by imprisonment in the state prison for not less than one year."

■ As stated in *People* v. *Carskaddon,* 49 Cal.2d 423, at page 425 [318 P.2d 4]:

"The primary purpose of the above statute is the 'protection of children from interference by sexual offenders, and the apprehension, segregation and punishment of the latter.' (*People* v. *Moore, supra,* 137 Cal.App.2d 197, 199 [290 P.2d 40]; *People* v. *Pallares,* 112 Cal.App.2d Supp. 895, 900 [246 P.2d 173].) ■ The words 'annoy' and 'molest' are synonymously used (Words and Phrases, perm. ed., vol. 27, 'molest'); they generally refer to conduct designed 'to disturb or irritate, esp. by continued or repeated acts' or 'to offend' (Webster's New Inter. Dict., 2d ed.); and as used in this statute, they ordinarily relate to 'offenses against children, [with] a connotation of abnormal sexual motivation on the part of the offender.' (*People* v. *Pallares, supra,* p. 901.) ■ Ordinarily, the annoyance or molestation which is forbidden is 'not concerned with the state of mind of the child' but it is 'the objectionable acts of defendant which constitute the offense,' and if his conduct is 'so lewd or obscene that the normal person would unhesitatingly be irritated by it, such conduct would "annoy or molest" within the purview of' the statute. (*People* v. *McNair,* 130 Cal.App.2d 696, 697-698 [279 P.2d 800].)"

■ Applying the foregoing principles to the record in the instant case, we believe that the statements and conduct of appellant were lewd and obscene and would irritate a normal person. While no case has been reported where the evidence ruled upon was merely spoken words, we do not believe that the statute requires a physical act as contrasted to an

utterance. It cannot be doubted that the questions asked by appellant, under the circumstances under which they were asked, would be irritating and annoying to a normal child of the age of 17 years.

We think it could be inferred that appellant's conduct and statements were sexually motivated. The trier of fact could find that despite appellant's denial the utterances were motivated by an abnormal sexual desire on his part. We are satisfied that when all of the evidence is considered along with the age and sex of the child sexual motivation is sufficiently made out.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 24, 1959.