[Crim. No. 3224. Third Dist. Oct. 11, 1961.]

THE PEOPLE, Respondent, v. ARNOLD SANCHEZ FERNANDEZ, Appellant.

*Assigned by Chairman of Judicial Council.

Frank Hue, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and John F. Foran, Deputy Attorney General, for Respondent.

PEEK, Acting P. J.—Defendant was charged with a violation of section 647a, subdivision (1) of the Penal Code (molesting a child under the age of 18 years) and with a prior conviction of a violation of section 288 of the Penal Code. On stipulation the case was submitted to the court on the transcript of the testimony taken at the preliminary hearing. From the judgment which was thereafter entered he now appeals, contending that the evidence was insufficient to sustain his conviction.

It is the rule: ". . . the element of annoyance as provided in section 647a, subdivision (1) of the Penal Code is not concerned with the state of mind of the child. It is the objectionable acts of defendant which constitute the offense. . . . If the conduct of a defendant is so lewd or obscene that the

normal person would unhesitantly be irritated by it, such conduct would 'annoy or molest' within the purview of section 647a, subdivision (1), Penal Code." (*People* v. *McNair*, 130 Cal.App.2d 696, 697-698 [279 P.2d 800] ; *People* v. *Carskaddon*, 49 Cal.2d 423, 426 [318 P.2d 4] ; *People* v. *Pallares*, 112 Cal.App.2d Supp. 895, 902 [246 P.2d 173].)

█ The record shows that defendant enticed the prosecuting witness, who was 7 years of age, and a companion, age 8, into his car with the promise of giving them a quarter. He disregarded the request of the two boys to turn back, stating to them that, "We will go where nobody could see us." During the course of the ride, the defendant put his arms around the witness and rubbed the upper portion of his leg. He did the same to the victim's companion. The victim's father, who was searching for the boys, saw them in defendant's car and gave chase. He forced the car to the curb and the boys got in the father's car. While the victim's father was talking to the defendant, the latter suddenly drove his car over the curb, down the sidewalk, and sped away. Again, the father chased him and succeeded finally in stopping him at a drive-in restaurant some distance away, where he was taken into custody by police. The father testified that when he first stopped the defendant's car he noticed that the defendant's pants were completely open, although he was not exposed.

The acts committed by the defendant upon the two boys, when viewed in light of the stated rule, were sufficient to sustain the conviction.

Judgment is affirmed.

Schottky, J., and Warne, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 6, 1961.

---

*Assigned by Chairman of Judicial Council.