[No. B221932. Second Dist., Div. Seven. Oct. 5, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
NATHANIEL PHILLIPS, Defendant and Appellant.

## Counsel

Linn Davis, under appointment by the Court of Appeal, for Defendant and Appellant.

Steve Cooley, District Attorney, Roberta Schwartz and Patrick Moran, Deputy District Attorneys, for Plaintiff and Respondent.

## Opinion

**WOODS, J.**—Before this court, Nathaniel Phillips asserts that sufficient evidence did not support his conviction for a violation of Penal Code section 647.6, subdivision (a)(1) because there was no evidence that he directed his criminal conduct towards a specific child as required by the statute. Based on our review of the statutory language and its purpose to protect all children from sexual predators, we find sufficient evidence to support the conviction. Accordingly, we affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND[1]

On a schoolday in mid-March 2009 about 3:00 p.m., 15-year-old S.L., a Compton High School student, and two friends left the school grounds. They walked on the sidewalk next to the high school; S.L. was walking to Kennedy Elementary School to pick up her younger sister. As they walked, S.L. observed a car parked next to the curb in front of the high school. A man, later identified as Phillips, sat in the driver's seat of the car. The passenger side door of the car was closed but the window was open. As S.L., who is five feet seven inches tall, walked by the passenger side door she glanced into the car. She saw Phillips masturbating; he had his hand on his penis and was rubbing and moving it back and forth. She observed this for a couple of

---

[1] The facts and circumstances giving rise to this case are described in the parties' respective briefs that they filed in the appellate division of the superior court.

seconds. After taking a few steps away from the car, she yelled. S.L. proceeded to pick up her sister from the elementary school. On the way back home, she walked on the opposite side of the street. She observed the same car parked in the same location with Phillips still sitting in the driver's seat. When S.L. got home she told her mother what she had observed. S.L.'s mother called the police.

The Los Angeles County Sheriff's Department responded to the call. When sheriff's deputies arrived at the high school they saw Phillips's car parked directly in front of the admissions building of the high school. It appeared to the deputies that "school had just gotten out." Phillips was sitting in the driver's seat; the button fly on his pants was open and it appeared that Phillips was sweating. On the front passenger seat of the car, deputies found a backpack that contained a jar of Vaseline, a "male libido tonic," Johnson's Baby Powder and deodorant. Sheriff's deputies took Phillips into custody, and S.L. later identified him as the man she had earlier observed in the car parked at the school.

Phillips was arrested and charged with indecent exposure in violation of Penal Code section 314, subdivision 1, a misdemeanor (Count 1); annoying or molesting a child under the age of 18 in violation of Penal Code section 647.6, subdivision (a)(1), a misdemeanor (Count 2); and refusal or failure to provide a specimen in violation of Penal Code section 296 (Count 3).[2]

During the trial, Phillips filed a motion to dismiss Count 2, the Penal Code section 647.6 subdivision (a)(1) charge, on the ground that there was no evidence that he had directed his conduct at the particular child victim. The court denied the motion. Phillips also objected to jury instruction CALCRIM No. 1122 (describing the elements of Pen. Code, § 647.6, subds. (a)–(c)). He argued that the CALCRIM instruction did not make clear that the offense must be directed at a specific child. The court overruled the objection and read the CALCRIM No. 1122 instruction to the jury.

The jury found Phillips guilty on both counts.

Phillips filed a motion to set aside the verdict arguing instructional error on Count 2. He claimed, as he had before trial, that CALCRIM No. 1122 failed to inform the jury of the element of Penal Code section 647.6, subdivision (a)(1), which, according to Phillips, required proof that he had directed his conduct at a specific child. He noted that CALJIC No. 16.440 (describing the elements of Pen. Code, § 647.6 subd. (a)) instructed that one of the elements of the offense is that the acts were motivated by the sexual interest

---

[2] The People's motion to dismiss Count 3 was granted before trial.

in the alleged victim and that the instruction provided a blank space for the victim's name. The trial court denied the motion.

Phillips filed an appeal in the appellate division of the superior court and subsequently the People filed a petition in this court to transfer the appeal.[3] On February 18, 2010, this court ordered that the matter be transferred to this court for hearing and decision.

## DISCUSSION

Before this court Phillips argues that Penal Code section 647.6, subdivision (a)(1) pursuant to which he was charged in Count 2 does not criminalize his conduct because there was no evidence that his actions were directed at the particular victim, S.L.[4] He posits that even assuming the truth of evidence from which it could be inferred that he knowingly parked in a location where it was likely he would be observed by children, he cannot be found to have violated Penal Code section 647.6, subdivision (a)(1) absent proof that he focused his conduct toward a *specific* child victim.

The People disagree with Phillips's construction of Penal Code section 647.6, subdivision (a)(1). The People complain that the case law and jury instructions that suggest a perpetrator have targeted a specific child victim misinterpret the statute and thus inadvertently add the "specific child victim" element, which is not required by the statute and has no basis in the law in light of the statute's purpose.

The parties create a false dichotomy. Penal Code section 647.6, subdivision (a)(1) is violated when a defendant engages in the requisite annoying or offensive conduct, motivated by an unnatural or abnormal sexual interest in a specific child or children generally, with the intent that the conduct be observed by a child or children. This result is consistent with the language of the statute, existing case law and CALCRIM No. 1122, which was properly given in this case.

We begin our analysis with a review of the prior iterations of the statute, and prior case law interpreting it, and then address the current statute and its elements.

---

[3] The People's application for certification to transfer the case to the Court of Appeal had been previously denied by the appellate division of the superior court.

[4] He contends that his conduct gives rise only to a violation of indecent exposure under Penal Code section 314, subdivision 1 for which he was convicted under Count 1.

*Historical Framework of Penal Code Section 647.6, Subdivision (a)(1) and Prior Case Law Interpretations and Form Jury Instructions*

This statute first appeared in 1929 as Penal Code former section 647a, and read as follows: "Every person who annoys or molests any school child or who loiters about any school or public place at or near which school children attend, is a vagrant, and is punishable by a fine of not exceeding five hundred dollars or by imprisonment in the county jail for not exceeding six months, or by both such fine and imprisonment." (Stats. 1929, ch. 376, § 1, p. 697.)

In 1947, Penal Code former section 647a was amended and divided into two subdivisions with subdivision (1) criminalizing conduct that annoys and molests any child, and subdivision (2) criminalizing loitering at schools or public places where school children are present. (Amended by Stats. 1947, ch. 730, § 1, p. 1783.) The statute was further amended a number of times in the late 1940's and 1950's to extend the protected areas in subdivision (2) to include public toilets and public parks. In 1967, subdivision (2) was deleted when the crime of loitering became the subject of Penal Code former section 653g. (Stats. 1967, ch. 154, §§ 1, 2, p. 1241.)

Thereafter, in 1987, Penal Code former section 647a was renumbered to Penal Code section 647.6 and the statute was amended in various respects. (Stats. 1987, ch. 1394, § 4, pp. 5089–5090.) The renumbered statute (§ 647.6) provided in relevant part (as it does substantially now): "Every person who annoys or molests any child under the age of 18 [is guilty of a crime] . . . ." (Pen. Code, former § 647.6, subd. (a)(1).)

Early case law interpretations of this offense focused on describing the statutory purpose of the law, defining the type of proscribed conduct—specifically the definition of the term "annoy or molest." For example, in *People v. Pallares* (1952) 112 Cal.App.2d Supp. 895, 901 [246 P.2d 173], the defendant was accused of molesting and annoying a four-year-old child. The defendant argued, among other contentions, that the term "annoys or molests" in Penal Code former section 647a rendered the section impermissibly vague. The Appellate Department of the Fresno County Superior Court rejected that argument, concluding "[w]hen [these words] are used in reference to offenses against children, there is a connotation of abnormal sexual motivation on the part of the offender. . . . [T]he acts forbidden are those motivated by an unnatural or abnormal sexual interest or intent with respect to children." The court in *Pallares* opined the statute was not concerned with the subjective concerns of the child. The court further concluded Penal Code former section 647a was to be construed as establishing an objective test for annoyance or molestation—that is, if the conduct of the defendant was so lewd or obscene

that a normal person would unhesitantly be irritated by it, such conduct would annoy or molest within the meaning of the statute. (112 Cal.App.2d at p. Supp. 902.)

Numerous Courts of Appeal cited and followed *Pallares*. (See, e.g., *People v. McNair* (1955) 130 Cal.App.2d 696, 697–698 [279 P.2d 800] [finding that defendant, repeatedly exposing himself to a seven-year-old child who was playing outside his apartment window, qualified as conduct which violated Pen. Code, former § 647a]; *People v. Moore* (1955) 137 Cal.App.2d 197 [290 P.2d 40] [upholding a conviction under former § 647a where the defendant lifted an eight-year-old girl by the buttocks and rubbed against her body]; *People v. Carskaddon* (1959) 170 Cal.App.2d 45, 47 [338 P.2d 201] [holding a defendant who merely sat under a tree and walked down a street with a child did not violate former § 647a because his behavior would not have irritated a normal person, even if he had the intention to molest the child].)

In 1970, the California Supreme Court in *In re Gladys R.* (1970) 1 Cal.3d 855, 868 [83 Cal.Rptr. 671, 464 P.2d 127][5] (*Gladys R.*) affirmed the construction of Penal Code former section 647a in *Pallares* and further described the primary purpose of Penal Code former section 647a as " ' "protection of children from interference by sexual offenders, and the apprehension, segregation and punishment of the latter." ' " Furthermore in a footnote, the *Gladys R.* court reaffirmed the principle set forth in *Pallares* that motivation by an abnormal sexual interest is an element of the offense. (1 Cal.3d at p. 868, fn. 24.) The early cases from *Pallares* to *Gladys R.* construing Penal Code former section 647a all concerned situations in which the perpetrators targeted specific children.

The contours of the offense were later explored in *People v. Tate* (1985) 164 Cal.App.3d 133 [210 Cal.Rptr. 117], which concerned whether the defendant, who had molested a seven-year-old daughter of his girlfriend, had to register as a sex offender based on a conviction under Penal Code former section 647a. The *Tate* court emphasized that Penal Code former section 647a was enacted to protect children and that "[c]hildren are a class of victims who require paramount protection . . . ." (164 Cal.App.3d at p. 139.)

In *People v. Thompson* (1988) 206 Cal.App.3d 459 [253 Cal.Rptr. 564], a court for the first time used the language which Phillips has focused on to support his claim that Penal Code section 647.6, subdivision (a)(1) requires that the defendant target a specific child. In *Thompson*, the defendant was

---

[5] *Gladys R.* concerned the issue of whether a juvenile could be declared a ward under Welfare and Institutions Code section 602 for a violation of Penal Code former section 647a.

convicted under Penal Code section 647.6 for driving slowly by a 12-year-old bicyclist repeatedly while making facial and hand gestures. On appeal, before the Appellate Division of the Kern County Superior Court and in the Fifth District Court of Appeal, the defendant claimed that sufficient evidence did not support his conviction because his conduct could not be considered lewd or obscene. (206 Cal.App.3d at p. 463.) Both the Court of Appeal and the appellate division disagreed. The Fifth District in describing the holding of the appellate division, wrote: "[The defendant's] acts constituted an annoyance of the minor; and section 647a did not require the specific act of annoying to be lewd or obscene. [The appellate division] reasoned the section only requires proof of articulable, objective acts which would cause a normal person to be unhesitatingly irritated, provided the acts are motivated by an abnormal or unnatural sexual interest in the *child victim*." (*Id.* at p. 465, italics added & omitted.) Several paragraphs later in the opinion, the Fifth District cited *Gladys* as supportive and characterized footnote 24 of the *Gladys* opinion as stating: "[t]he [*Gladys* court] went on to reaffirm the requirement that the acts be motivated by an abnormal sexual intent toward the *child victim*." (*Ibid.*, italics added.)

The *Thompson* court did not accurately describe the language of footnote 24 in *Gladys*; the footnote did not include the specific "child victim" language. Rather footnote 24 addressed whether motivation by an abnormal sexual interest was an element of the crime without reference to whether that interest was in a particular child or children in general.[6]

Prior to *Thompson*, the relevant jury instruction, CALJIC No. 16.440, instructed that an unnatural or abnormal sexual interest with respect to *children* was an element of the offense. However after *Thompson* this jury

---

[6] Footnote 24 in *Gladys* provides: "The Attorney General cites *People* v. *Carskaddon, supra*, 49 Cal.2d 423, 426, in support of his contention that motivation by an abnormal sexual intent does not constitute an element of the crime in question. We observed in *Carskaddon* that 'as used in this statute, [the words "annoy" and "molest"] *ordinarily* relate to "offenses against children, [with] a connotation of abnormal sexual motivation on the part of the offender." (*People* v. *Pallares, supra*, p. 901.) Ordinarily, the annoyance or molestation which is forbidden is "not concerned with the state of mind of the child" but it is "the objectionable acts of defendant which constitute the offense," and if his conduct is "so lewd or obscene that the normal person would unhesitatingly be irritated by it, such conduct would 'annoy or molest' within the purview of" the statute. . . .' (Italics added.) The Attorney General seizes upon the italicized word 'ordinarily,' but *Carskaddon* clearly did not intend to overrule *Pallares* and subsequent cases that regard motivation by an abnormal sexual interest or intent as an element of the offense. *Carskaddon* did not state that such motivation did not constitute an element of the crime and, to the contrary, cited *Pallares* with apparent approval. In *Carskaddon* the court found no evidence that the defendant had committed an act coming within the purview of section 647a, and therefore held it unnecessary in that case to consider the matter of motivation." (*In re Gladys R., supra*, 1 Cal.3d at p. 868, fn. 24.)

instruction was revised, as explained in *People v. Maurer*[7] (1995) 32 Cal.App.4th 1121, 1131, footnote 2 [38 Cal.Rptr.2d 335]: "The former version of the section 647.6 instruction (CALJIC No. 16.441) stated: '[M]otivated by an unnatural or abnormal sexual interest *with respect to children.*' (Italics added.) The current version of the instruction (CALJIC No. 16.440 (1990 rev.)) states: '[M]otivated by an unnatural or abnormal sexual interest in [the specific child victim].'[8] This revision is apparently based upon language in *People v. Thompson, supra,* 206 Cal.App.3d at page 465. (See Use Note to CALJIC No. 16.440 (1990 rev.) (5th ed. pocket pt.) p. 177.) No issue is raised in this appeal regarding this revision. The parties and the trial court used the 'specific child victim' strand in trying this case." Although the jury in *Maurer* was instructed as to the specific child victim, the *Maurer* court did not hold that interest in a specific child victim was an element of the offense.

Thereafter the California Supreme Court in *People v. Lopez* (1998) 19 Cal.4th 282, 289 [79 Cal.Rptr.2d 195, 965 P.2d 713], considered whether a violation of Penal Code section 647.6, subdivision (a)(1) was a lesser included offense of Penal Code section 288. In *Lopez*, the defendant had been convicted of violating Penal Code section 288 for improperly touching a five year old. The Supreme Court concluded that Penal Code section 647.6, subdivision (a)(1) was not a lesser included offense of a violation of Penal Code section 288. (19 Cal.4th at p 292.) In the earlier cases there was no question that a specific child was the intended victim; the focus was instead on the nature of the acts, not the identity of the victim. However, in discussing the elements of Penal Code section 647.6, subdivision (a)(1) the majority cited *Maurer* for the proposition that the defendant be motivated by an unnatural sexual interest in the *victim*. (19 Cal.4th at p. 289.) Nonetheless, on the next page of the opinion, where the majority compares the elements of

[7] In *Maurer*, the defendant, a high school teacher, was convicted of violating Penal Code section 647.6, subdivision (a)(1) for making sexually suggestive remarks and for discussing other sexual matters with one of his students. (*Maurer, supra,* 32 Cal.App.4th at pp. 1130–1131.) The issue on appeal concerned whether the court erred in instructing the jury with CALJIC Nos. 16.440 and 2.51 (instructing the jury that motive is not an element of the crime charged). The court concluded that because Penal Code section 647.6, subdivision (a)(1) required proof that the accused was motivated by an unnatural sexual interest instructing with CALJIC No. 2.51 amounted to prejudicial error. (32 Cal.App.4th at p. 1132.)

[8] As revised in 2007, CALJIC No. 16.440 provides, in pertinent part:

"Every person who annoys or molests any child under the age of 18 years is guilty of a violation of Penal Code section 647.6,. subdivision (a), a misdemeanor.

"1. A person engaged in [acts] [or] [conduct] directed at a child under the age of 18 years which would unhesitatingly disturb or irritate a normal person if directed at that person; and

"2. The [acts] [or] [conduct] [were] [was] motivated by an unnatural; or abnormal interest in [name of child] [the alleged victim].

"[It is not necessary that the act[s] [or] [conduct] actually disturb or irritate the child or that the body of the child be actually touched.]"

Penal Code section 288 to Penal Code section 647.6, subdivision (a)(1), the court observed that Penal Code section 647.6, subdivision (a)(1) required an "act objectively and unhesitantly viewed as irritating or disturbing, prompted by an abnormal sexual interest *in children.*" (19 Cal.4th at p. 290, italics added & omitted.)

CALCRIM No. 1122, drafted in 2006, also uses this specific-child language and cites as its source authority, *Thompson, Gladys, Maurer* and *Lopez.* CALCRIM No. 1122 provides, in pertinent part:

"The defendant is charged [in Count _____] with annoying or molesting a child [in violation of Penal Code section 647.6].

"To prove that the defendant is guilty of this crime, the People must prove that:

"1. The defendant engaged in conduct directed at a child;

"2. A normal person, without hesitation, would have been disturbed, irritated, offended, or injured by the defendant's conduct;

"3. The defendant's conduct was motivated by an unnatural or abnormal sexual interest in *the child.* . . ." (CALCRIM No. 1122, italics added.)

In 2009, the Fifth District Court of Appeal had an opportunity to consider the child victim language in CALCRIM No. 1122 in *People v. Shaw* (2009) 177 Cal.App.4th 92 [99 Cal.Rptr.3d 112]. In *Shaw*, the defendant was convicted of multiple violations of Penal Code section 647.6, subdivision (c)(2)[9] for molesting three minors on separate occasions. (177 Cal.App.4th at pp. 96–97.) On appeal, *Shaw* asserted, among other arguments, that the trial court erred when it instructed the jury using CALCRIM No. 1122 that it must find that his conduct was motivated by an abnormal or unnatural sexual interest in the *child victim,* instead of referencing the protected class as a "group of children." He argued that, because Penal Code section 647.6 protects children as a class, an unnatural or abnormal sexual interest in any one particular child was not encompassed by the statute's prohibition and was not sufficient to support a conviction under Penal Code section 647.6, subdivision (a)(1). (177 Cal.App.4th at p. 102.) The Fifth

---

[9] Penal Code section 647.6, subdivision (c)(2) provides: "Every person who violates this section after a previous felony conviction under Section 261, 264.1, 269, 285, 286, 288a, 288.5, or 289, any of which involved a minor under 16 years of age, or a previous felony conviction under this section, a conviction under Section 288, or a felony conviction under Section 311.4 involving a minor under 14 years of age shall be punished by imprisonment in the state prison for two, four, or six years." (Pen. Code, § 647.6, subd. (c)(2).)

District disagreed, concluding that given the statutory purpose of protecting *any* child, the statute could not be interpreted to permit molestation based on abnormal sexual interest in a specific child so long as there was no abnormal or unnatural interest in children generally. (*Id.* at pp. 102–104.) The Fifth District held that an abnormal sexual interest in a particular child victim could support a conviction under Penal Code section 647.6. (177 Cal.App.4th at pp. 102–104.) The *Shaw* court further held that even if the statute required a demonstration of the defendant's unnatural sexual interest in children in general, there was ample evidence of Shaw's unnatural and abnormal sexual interest in both children generally and the specific child victims. (*Id.* at p. 104.) As with the earlier cases, in *Shaw* there were identifiable, targeted victims; the court was not confronted with the issue presented here.

### *Elements of Penal Code Section 647.6, Subdivision (a)(1) Violation*

As noted elsewhere here, Penal Code section 647.6, subdivision (a)(1) provides in pertinent part: "[e]very person who annoys or molests any child under 18 years of age [is guilty of a crime] . . . ." (Pen. Code, § 647.6, subd. (a)(1).) Thus, to constitute a violation of Penal Code section 647.6, subdivision (a)(1), there must be evidence that the perpetrator engaged in annoying or molesting conduct that would irritate or annoy a normal person and that such conduct annoyed or molested "any child." (See *People v. Lopez, supra*, 19 Cal.4th at pp. 286, 291.) In addition, under Penal Code section 647.6, subdivision (a)(1) there must be evidence that the perpetrator "directed" the conduct toward a child. (See *People v. Lopez, supra*, 19 Cal.4th at p. 289; CALCRIM No. 1122.) The intent to be observed while engaging in the offensive conduct is subsumed in the element that the offender "directs" his conduct toward a child.

Indeed it is the "intent to be observed" that, in our view, distinguishes this offense from other conduct that Penal Code section 647.6, subdivision (a) does not criminalize. Compare, for example, two actors engaged in the same conduct harboring different intentions. First—consider the person who engages in the conduct proscribed by section 647.6, subdivision (a), motivated by the unnatural sexual interest in children, and who directs that conduct toward some child or children with the intent to be observed by any child. Clearly this first person has violated section 647.6, subdivision (a). The intent to be observed by some child gives rise to the inference that the actor is a sexual predator—thus, criminalizing the conduct serves the underlying purpose of the statute to protect children from sexual predators.

Second, in contrast—consider the person who engages in the same annoying conduct, motivated by the same unnatural interest, and who *does not intend* to be observed by any child, but instead merely intends to watch a

child or children while engaging in the offensive conduct (i.e., is a voyeur). The fact that this person is observed by some child anyway, by accident, does not convert the conduct into a violation of Penal Code section 647.6, subdivision (a). This person in this latter example—this voyeur—may be accused of a number of things, including bad timing, poor judgment and perhaps the violation of other laws, but the voyeur in this example is not necessarily a sexual predator. Thus, criminalizing the voyeur's conduct under section 647.6 does not serve the underlying purpose of the statute.

The distinction between the sexual predator described in the first example and the voyeur described in the second is determined according to proof of intent. The criminal intent under Penal Code section 647.6, subdivision (a) may be easily proved if the child victim is a specific child, known in advance to the offender. Such is the situation described in prior cases, such as *Pallares*, *Tate*, *Thompson*, and *Lopez*. Intent is more difficult to prove in a case like this one, however, where it appears that Phillips did not preselect any particular child to observe his conduct. In this case, the requisite intent is proved from the circumstantial evidence surrounding Phillips's conduct, such as the kind of vehicle in which he was parked, where he parked in relation to the children, the time of day—the degree to which his actions rise to the reasonable inference that he intended to be observed.[10]

■ Furthermore, in our view Penal Code section 647.6, subdivision (a)(1) criminalizes annoying or molesting conduct directed toward an individual child and also such conduct directed to children in general, where any child is the victim of the conduct. As our discussion above demonstrates, there is nothing in the statute or any case law directly on point that requires the defendant to have singled out any particular child (or group of children) in

---

[10] We recognize and reject Phillips's hypothetical that our interpretation criminalizes conduct such as the person who watches child pornography on a computer in the privacy of his or her home. Phillips contends that Penal Code section 647.6, subdivision (a)(1) must require that "there is a specific child victim and that the defendant has directed his conduct toward that child. Otherwise, a person who watches child pornography on a computer who is motivated by an abnormal sexual intent is punishable under section 647.6, even though defendant who is masturbating as he watches has not directed his conduct towards a child victim on the theory that a child might appear." As our analysis in the text makes clear, to the extent the defendant in Phillips's hypothetical *has not directed* his conduct towards a child because he lacks the intent to be observed, then the defendant has not violated section 647.6, subdivision (a), even if he is observed by accident. In addition, the situation in this case is very different than Phillips's hypothetical. Phillips's conduct was not done in private; he was not parked in a secluded area where it would be unlikely a child might observe him. On the contrary, he was parked in an area during a time of the day when it was highly likely that he would be observed by a child or multiple children. Moreover, *Penal Code section 647.6, subdivision (a)(1) is not a victimless crime*. There must be proof that some child or group of children observed the perpetrator's offensive conduct. The circumstantial evidence in this case supported the inference that Phillips intended that some child observe his conduct.

advance for his actions. Penal Code section 647.6, subdivision (a)(1) criminalizes the offensive conduct, whether or not a particular child was the perpetrator's target. To conclude otherwise—to find that a defendant can (without violating Pen. Code, § 647.6, subd. (a)(1)) annoy or molest any child simply because he has not focused his actions on any particular child—makes no sense and would undermine the purpose of the statute to protect *all children* from sexual predators.

Thus, in sum, a violation of Penal Code section 647.6, subdivision (a) requires proof of the following elements: (1) the existence of objectively and unhesitatingly irritating or annoying conduct;[11] (2) motivated by an abnormal sexual interest in children in general or a specific child; (3) the conduct is directed at a child or children, though no specific child or children need be the target of the offense; and (4) a child or children are victims. (See *People v. Lopez, supra,* 19 Cal.4th at pp. 286, 291; *People v. Shaw, supra,* 177 Cal.App.4th at pp. 102–104.) This interpretation of the statute is consistent with the language of Penal Code section 647.6, subdivision (a)(1) and its underlying purpose—"protection of children from interference by sexual offenders, and the apprehension, segregation and punishment of the latter."

■ In reaching this conclusion we reject Phillips's argument Penal Code section 647.6, subdivision (a)(1) requires the perpetrator direct his conduct towards a specific child, to be consistent with Penal Code section 647.6, subdivision (a)(2). Penal Code section 647.6 provides in relevant part: "Every person who, motivated by an unnatural or abnormal sexual interest in children, engages in conduct with an adult whom he or she believes to be a child under 18 years of age, which conduct, if directed toward a child under 18 years of age, would be a violation of this section . . . [is guilty of a crime]." (Pen. Code, § 647.6, subd. (a)(2).) Phillips is correct that Penal Code section 647.6, subdivision (a)(2) clearly requires that the defendant target a specific victim. It requires that the defendant "engage[] in conduct with" the victim, anticipating that the defendant and the victim engage and interact with each other in some way. Hence, to violate Penal Code section 647.6, subdivision (a)(2), the defendant must direct his actions at a particular person. In contrast, Penal Code section 647.6, subdivision (a)(1) is broader in scope; Penal Code section 647.6, subdivision (a)(1) does not necessarily require proof that the victim and the perpetrator engage in conduct with each other. Instead, Penal Code section 647.6, subdivision (a)(1) criminalizes conduct that molests or *annoys,* suggesting that the victim can play an entirely passive role and that the ultimate victim or victims need not be the target of the actions. Though Penal Code section 647.6, subdivision (a)(1) and (2) have the

---

[11] "[T]he actor's mental state is disregarded in evaluating whether the element of objectively disturbing conduct has been met." (*People v. Lopez, supra,* 19 Cal.4th at p. 291.)

same goal to protect children from sexual predators who are motivated by an unnatural or abnormal sexual interest in children, they are clearly separate crimes. Phillips has not presented a convincing argument interpreting them differently creates unfairness or unreasonable inconsistency in the law.

■ We also reject Phillips's effort to bolster his interpretation of section Penal Code 647.6, subdivision (a)(1), by arguing that his actions (because he did not direct them to a specific child) are more appropriately prosecuted under Penal Code section 314, subdivision 1, pursuant to which he was charged and convicted in Count 1. Penal Code section 314, subdivision 1 provides: "Every person who willfully and lewdly . . . [¶] 1. Exposes his person, or the private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby . . . [is guilty of a crime]." (Pen. Code, § 314, subd. 1.) We agree that Phillips's conduct in exposing himself while parked in front of Compton High School certainly violated Penal Code section 314, subdivision 1. But his conduct was more offensive than public indecent exposure. In *People v. Tate*, the court discussed the difference between a violation of Penal Code former section 647a and section 314, concluding: "[t]he offenses which constitute a violation of Penal Code section 647a are more offensive than violations of section 647, subdivision (a) [(lewd or dissolute conduct in a public place)], and section 314, subdivision (1) [(indecent exposure)]. Section 647a contemplates a crime more serious than an indiscreet gesture, public nuisance, or sexual indiscretion. A conviction under section 647a requires motivation of unnatural abnormal sexual interest in children." (*People v. Tate, supra*, 164 Cal.App.3d at p. 138.)

■ Similarly here, Phillips's conduct in masturbating in his car while parked at the curb directly in front of a high school, on a schoolday, at school dismissal time, is not simply an act of voyeurism, or an indiscreet gesture, or a sexual indiscretion in violation of Penal Code section 314, subdivision 1. The evidence presented during the trial supported the reasonable inference the jury reached as indicated by the verdict, that Phillips was engaged in objectively annoying and irritating conduct, that he was motivated by an unnatural or abnormal sexual interest in children, that he directed his conduct towards children, intending to be observed by some child and that he was in fact observed by S.L. This evidence is sufficient to support a conviction for violation of Penal Code section 647.6, subdivision (a)(1), notwithstanding the fact there was no evidence the victim was known in advance to Phillips or she was the specific target of Phillips's offensive conduct.

## *DISPOSITION*

The judgment is affirmed.

Perluss, P. J., and Zelon, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 19, 2011, S187913. Kennard, J., was of the opinion that the petition should be granted.