Filed 9/1/15  P. v. Glenn CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE , <br><br> Plaintiff and Respondent, <br><br> v. <br><br> KEVIN DURAN GLENN, <br><br> Defendant and Appellant. | F068328 <br><br> (Super. Ct. No. F13903418) <br><br><br> **OPINION** |

-----

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Denise Lee Whitehead, Judge.

James Bisnow, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

-----

[*]     Before Gomes, Acting P.J., Detjen, J. and Franson, J.

## INTRODUCTION

Appellant Kevin Duran Glenn was convicted by jury of four felony counts of annoying or molesting a minor child (Pen. Code, § 647.6, subd. (c)(2)). In addition, enhancement allegations were found true for two prior sex offense convictions (Pen. Code, §§ 288, subd. (c)(1), 289, subd. (a)) and a prior strike conviction (Pen. Code, § 667, subds. (b)-(i)). Appellant was sentenced to an aggregate term of 20 years in prison.[1]

Appellant argues that two prior convictions for sex offenses were improperly admitted as evidence of motivation and propensity in relation to the charged offenses of annoying or molesting a minor. As a result, he contends the instant conviction must be reversed because he was unduly prejudiced. We disagree and affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

### A.N. (Counts 1 and 2)

On April 8, 2013,[2] 16-year-old A.N. was walking to a bus stop from Cambridge High School after school was released around 2:00 p.m. From the driver's seat of a white vehicle, appellant[3] twice told A.N. to "come here." A.N. did not respond and continued walking. Appellant pulled into a parking lot approximately five feet away from her and repeated "come here." Scared, A.N. refused to approach him and appellant drove away. A.N. reported the incident to her mother, and then to her school's principal and counselor.

A few days later, on April 11th, A.N., and her friend K., saw appellant as they were walking from her school to the bus stop around 2:00 p.m. From his vehicle,

---

**1**      Appellant represented himself at trial after the trial court granted his *Faretta* motion. (*Faretta v. Cal.,* 422 U.S. 806.)

**2**      All dates occurred in 2013 unless otherwise stated.

**3**      Aliza and two independent witnesses to the incident identified appellant at trial.

appellant twice yelled at A.N. to "come here." A.N. jaywalked across the street with her friend to a location where her school counselor, Jose Perez, was standing. Perez noticed A.N. appeared concerned when she reported the incident to him. When Perez approached appellant and asked what he was doing at the school, appellant replied he was looking for a student to braid his hair.

Officer Daniel Gomez from the Fresno Police Department responded to the incident and questioned appellant. Appellant initially told Officer Gomez that he was at the school looking for Jordan, a 20-year-old high school student. Appellant said he was at the school on April 8th, looking for someone to do his hair. He had no explanation for why he, a registered sex offender, would ask a student to braid his hair. Appellant also told Officer Gomez he believed A.N. was 17 years old.

### A.J. (Counts 3 and 4)

On April 11th, 16-year-old A.J. was seated at a bus stop bench in front of Cambridge High School when appellant approached her around 2:00 p.m. From his vehicle, appellant asked A.J. if she had a minute and told her to come with him to do his daughter's hair. Appellant drove away as a security guard, who later identified him at trial, approached his vehicle.

Two weeks prior to this incident, around 2:00 p.m., A.J. was at a bus stop at another location when appellant approached her in a white vehicle. Appellant asked A.J. if she knew how to do hair. When she responded that she did, he told her to come with him so that she could do his daughter's hair. When she refused, appellant drove away. A.J. identified appellant as the same male driving the same vehicle in both incidents. When appellant was subsequently arrested, he related to police that he did not have any children.

### Uncharged Prior Sexual Misconduct

The trial court admitted testimony in relation to two prior uncharged acts of sexual misconduct pursuant to Evidence Code sections 1101 and 1108. The first incident

occurred on December 13, 2012, when Officer Sheila Chandler from the Fresno Police Department initiated a traffic stop of appellant's vehicle as he was leaving Hoover High School, based on a complaint that appellant was bothering the complainant's stepdaughter. During the second incident, on March 15, 2015, Michelle O'Neal, who was personally acquainted with appellant, observed him parked near Sunnyside High School, sitting in his vehicle with his pants down, and cupping his genital area while focused on kids in the surrounding area.

### *Prior Convictions*

The People also moved in limine to admit evidence of two prior convictions pursuant to Evidence Code sections 1101 and 1108.[4] On September 10, 1997, appellant pleaded guilty to felony charges for the penetration of the genital and anal openings of John, a minor under the age of 16 years old, by means of force, violence, duress, menace and fear for purposes of sexual arousal, gratification, or abuse. The court ruled evidence of appellant's convictions for Penal Code section 288, subdivision (c)(1) (lewd act on a child 14 or 15 years old) and Penal Code section 289, subdivision (a) (forcible sexual penetration) was relevant for the same purpose appellant's prior uncharged acts were relevant, to show appellant was motivated by an abnormal sexual interest in children.[5]

---

[4] All undesignated statutory references are to the Evidence Code unless otherwise stated.

[5] The jury was instructed pursuant to CALCRIM Nos. 375 and 1191, which provide, in relevant part, that evidence of appellant's prior convictions may be considered for the limited purpose of deciding whether he had motive to commit the offenses charged in the instant case, and whether he was disposed or inclined to commit sexual offenses, and thus, did likely commit the charged offenses.

The jury was also instructed that under CALCRIM No. 303, the facts underlying appellant's prior convictions were admitted only as evidence of the age of the victim, and may be considered for no other purpose. This fact was relevant to proving an enhancement allegation for a prior conviction.

To prove a prior strike allegation against appellant, the court found the People had to prove the convictions since appellant declined to stipulate to their admission during a hearing on the matter. As a result, the People introduced the information for appellant's prior convictions, among other documents.

## DISCUSSION

**ADMISSION OF PRIOR SEXUAL MISCONDUCT EVIDENCE**

Pursuant to section 1101, subdivision (a) "evidence of a person's character or a trait of his or her character . . . is inadmissible when offered to prove his or her conduct on a specified occasion." However, evidence of a conviction or prior wrongful conduct is admissible for other purposes, such as when it is offered to prove motive, opportunity, preparation, plan, knowledge, intent, identity, absence of mistake, or lack of accident. (§ 1101, subd. (b).)

In addition, in a criminal action where the defendant is accused of a sexual offense, evidence of a defendant's prior sexual offenses is admitted for any relevant purpose under section 1108, subject only to the balancing test under section 352. (§ 1108, subd. (a).) A "sexual offense" includes conduct proscribed by Penal Code sections 647.6, subdivision (c)(2) (annoy or molest a minor), 288, subdivision (c)(1) (lewd act on a child 14 or 15 years old), and 289, subdivision (a) (forcible sexual penetration).

The Legislature enacted section 1108 to "relax the evidentiary restraints" imposed by section 1101, "expand the admissibility of disposition or propensity evidence in sex offense cases[,]" and "assure that the trier of fact would be made aware of the defendant's other sex offenses in evaluating the victim's and the defendant's credibility." (*People v. Falsetta* (1999) 21 Cal.4th 903, 911 (*Falsetta*).) "By removing the restriction on character evidence in section 1101, section 1108 now 'permit[s] the jury in sex offense … cases to consider evidence of prior offenses *for any relevant purpose*' ([citation], italics added), subject only to the prejudicial effect versus probative value weighing

5.

process required by section 352." (*People v. Britt* (2002) 104 Cal.App.4th 500, 505; accord, *People v. Robertson* (2012) 208 Cal.App.4th 965, 990 (*Robertson*).)

We review a trial court's evidentiary rulings under sections 1108 and 352 for abuse of discretion and will reverse only if the ruling was arbitrary, whimsical, or capricious as a matter of law. (*Robertson*, *supra*, 208 Cal.App.4th at p. 991.) We find no abuse.

In the instant case, the Hoover High School and Sunnyside High School incidents occurred within close proximity to schools where teenagers, most of whom are under 18 years old, congregate; the incidents all occurred around 2:00 p.m. or 3:00 p.m., a time of day students are present having just been released from school; further, in light of appellant's status as a registered sex offender and his conduct in both prior uncharged incidents, bothering a minor, and cupping his genitals while staring at high school students, it is reasonable to infer his motivation for being in the vicinity was based on his abnormal sexual interest in children.

Similarly, appellant's convictions are based upon sexual acts he committed against a victim within the same age demographic, a male under the age of 16 years old. The trial court correctly determined appellant's prior convictions were relevant to show he was motivated by an abnormal sexual interest in children in relation to the charged offenses, a fact which is material as this is an element of the crime appellant is charged with. (Pen. Code, § 647.6.)

Accordingly, because evidence of appellant's prior convictions is admissible under section 1108, we need not determine whether they were admissible under section 1101. We turn to the issue of whether the admission of appellant's convictions was unduly prejudicial.

Pursuant to section 352, "[t]he court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue

prejudice, of confusing the issues, or of misleading the jury." Factors the court must weigh include the "nature, relevance, and possible remoteness [of the uncharged sex offense], the degree of certainty of its commission and the likelihood of confusing, misleading, or distracting the jurors from their main inquiry, its similarity to the charged offense, its likely prejudicial impact on the jurors, the burden on the defendant in defending against the uncharged offense, and the availability of less prejudicial alternatives to its outright admission, such as admitting some but not all of the defendant's other sex offenses, or excluding irrelevant though inflammatory details surrounding the offense." (*Falsetta*, *supra*, 21 Cal.4th at p. 917.)

Appellant contends evidence of his prior convictions was inflammatory, and argues that limiting the evidence to his uncharged sexual misconduct would have been a less prejudicial alternative. "'[E]vidence should be excluded as unduly prejudicial when it is of such nature as to inflame the emotions of the jury, motivating them to use the information, . . . to reward or punish one side because of the jurors' emotional reaction. In such a circumstance, the evidence is unduly prejudicial because of the substantial likelihood the jury will use it for an illegitimate purpose.'" (*People v. Scott* (2011) 52 Cal.4th 452, 491.)

Assuming, arguendo, that admission of appellant's convictions was erroneous, we find the error would have been harmless. Generally, evidentiary errors, including those involving section 352, are subject to the standard of review set forth in *People v. Watson* (1956) 46 Cal.2d 818. In *Watson*, our Supreme Court held that reversal is appropriate only where a "'miscarriage of justice'" has occurred. (*Id*. at p. 836.) "[A] 'miscarriage of justice' should be declared only when the court, 'after an examination of the entire cause, including the evidence,' is of the 'opinion' that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (*Ibid.*)

7.

Penal Code section 647.6, subdivision (a)(1) makes it a violation for any person to annoy or molest a child under the age of 18. Under the statute, the People must prove: (1) that the defendant engaged in conduct directed at a child; (2) which would unhesitatingly disturb, offend, or irritate a normal person if directed at that person; (3) the conduct was motivated "by an unnatural or abnormal sexual interest" in children in general or in the child victim; and, (4) the child was under the age of 18 years old. (CALCRIM No. 1122; *People v. Phillips* (2010) 188 Cal.App.4th 1383, 1396.) The defendant does not actually have to disturb, irritate, or touch the victim. (CALCRIM No. 1122.)

Here, appellant approached both victims around 2:00 p.m. or 3:00 p.m., after they were released from school, and on at least three occasions, at locations near schools. He indicated he was looking for a student to braid his hair and later admitted to police he believed A.N. to be 17 years old. Thus, appellant intended to, and in fact did, target children under 18 years old.

To "'annoy'" within the meaning of Penal Code section 647.6, means "'to disturb or irritate, [especially] by continued or repeated acts.'" (*People v. Carskaddon* (1957) 49 Cal.2d 423, 426.) In *People v. Thompson* (1988) 206 Cal.App.3d 459, 466-467 (*Thompson*), the court found the defendant annoyed the child victim under Penal Code section 647.6, subdivision (a)(1) by repeatedly driving past her, starring at her, making hand and facial gestures in her direction on at least one occasion, driving alongside her as she was walking, and stopping his vehicle to cause her to pass him.

In the instant case, appellant approached A.N. and A.J. on two separate occasions; during each incident, he pulled his vehicle up close enough for them to hear him say "come here," repeatedly, in an effort to lure the girls to his vehicle. During the April 8th incident, appellant parked his vehicle within five feet of A.N. after she initially rebuffed him. Here, as in *Thompson*, appellant's repeated conduct would unhesitatingly disturb or irritate a normal person.

8.

Lastly, the only reasonable conclusion that can be drawn from appellant's status as a registered sex offender and his intentional and repeated attempts to contact children is that he has an unnatural or abnormal sexual interest in children. Although appellant claims his purpose for initiating contact with both girls was to find someone to braid his or his daughter's hair, we find this wholly unpersuasive in light of his status as a registered sex offender and his admission to authorities that he did not have children.

Thus, even if evidence of appellant's prior convictions had not been introduced at trial, it is not reasonably probable that he would have received a more favorable verdict. The trial court did not err in admitting evidence of appellant's prior convictions.

## DISPOSITION

The judgment is affirmed.