Filed 6/20/22  P. v. Hrenko CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C093705 |
| Plaintiff and Respondent, | (Super. Ct. No. 20CF01232) |
| v. | |
| ANDREW THOMAS HRENKO, | |
| Defendant and Appellant. | |

Defendant Andrew Thomas Hrenko was sentenced to serve 20 years 6 months in prison for committing four sex offenses against minors.  On appeal, he contends: (1) insufficient evidence supports his conviction for annoying or molesting a child because he did not intend to be observed as he masturbated near sleeping children; (2) his sentence was not authorized under a sentencing scheme providing for consecutive full terms for specific sex offenses; and (3) the abstract of judgment inaccurately reflects his convictions.  The People disagree with the first contention and concede the latter two.

1

Agreeing with the People, we remand for resentencing and with directions to correct the abstract of judgment, and we otherwise affirm the judgment.

Because we remand for full resentencing, we need not address the parties' contention raised in supplemental briefing that Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3), which modifies guidelines for the imposition of upper term sentences, applies to his case. That bill is now incorporated into current law and thus governs defendant's resentencing.

## BACKGROUND

Due to the limited scope of the issues on appeal, a full recital of the facts is unnecessary.

Defendant raped his teenage daughter and attempted to do so again on a separate occasion. He also fondled a six-year-old child. And, late one rainy night, his girlfriend awoke to find he had left their bedroom and entered the room where his daughter and his girlfriend's daughter were sleeping in the same bed. His girlfriend pulled open a curtain around the bed to discover defendant standing near the edge of the bed with his pants down and penis exposed, "maybe four to five inches" from her daughter, "looking at both the girls," masturbating. It was dark in the room and the girls were not awakened. Defendant told his girlfriend he had "never been caught before."

A jury found defendant guilty of attempted forcible rape of a minor (Pen. Code, §§ 664, 261, subd. (a)(2));[1] forcible rape of a minor (§ 261, subd. (a)(2)); committing a lewd act upon a child 14 years or younger (§ 288, subd. (a)); and misdemeanor annoying or molesting a child (§ 647.6, subd. (a)(1)). The court imposed an upper term of eight years for the lewd act as the principal term; a consecutive eleven-year upper term for

---

[1] Undesignated statutory references are to the Penal Code.

rape; a consecutive one-third the middle term of one year six months for attempted rape; and a concurrent one-year term in county jail for annoying or molesting a child.

DISCUSSION

I

*Conviction for Annoying or Molesting a Child*

"To convict a defendant of violating section 647.6, the prosecution must prove: (1) the defendant engaged in conduct directed at a child; (2) a normal person, without hesitation, would have been disturbed, irritated, offended, or injured by the defendant's conduct; (3) the defendant's conduct was motivated by an unnatural or abnormal sexual interest in the child; and (4) the child was under the age of 18 years at the time of the conduct. It is not necessary that the child actually be irritated or disturbed or that the child actually be touched. [Citations.]" (*People v. Clotfelter* (2021) 65 Cal.App.5th 30, 50, citing CALCRIM No. 1122; *People v. Lopez* (1998) 19 Cal.4th 282, 289.) Conceding that masturbating near the sleeping children was objectively disturbing and motivated by an unnatural or abnormal sexual interest in children under age 18, defendant takes issue with the first element only, arguing his conduct was not "directed" at the children.

Relying exclusively on *People v. Phillips* (2010) 188 Cal.App.4th 1383 (*Phillips*), defendant asserts the evidence he annoyed or molested the children under section 647.6, subdivision (a)(1) "is insufficient as a matter of law to sustain the requisite finding that [he] acted with an intent to be observed by the children and he was not observed by them." The People contend defendant misreads *Phillips* and that "the intent to be observed is not a separate element of section 647.6, subdivision (a)(1)." Agreeing with the People that defendant's sufficiency argument is premised on a misunderstanding of the law, we reject defendant's challenge.

In *Phillips*, a 15-year-old student leaving school for the day saw the defendant masturbating in his car parked in front of the school. (*Phillips, supra*, 188 Cal.App.4th at p. 1386.) The defendant appealed his section 647.6, subdivision (a)(1) conviction,

3

arguing his conduct was not directed at her or any other child because there was no "proof that he focused his conduct toward a *specific* child victim." (*Phillips*, at p. 1388.) Finding "there is nothing in the statute or any case law directly on point that requires the defendant to have singled out any particular child (or group of children) in advance for his actions" (*id.* at pp. 1395-1396), the court rejected the defendant's argument, stating, "To conclude otherwise—to find that a defendant can (without violating [ ] section 647.6, subdivision (a)(1)) annoy or molest any child simply because he has not focused his actions on any particular child—makes no sense and would undermine the purpose of the statute to protect *all children* from sexual predators." (*Phillips*, at p. 1396.) The court summarized the elements of a section 647.6, subdivision (a)(1) violation, describing the "directed" element as follows: "the conduct is directed at a child or children, though no specific child or children need be the target of the offense . . . ." (*Phillips*, at p. 1396.)

Under the unique facts before it, the *Phillips* court found the evidence sufficient to sustain the defendant's conviction because "it could be inferred that he knowingly parked in a location where it was likely he would be observed by children." (*Phillips, supra*, 188 Cal.App.4th at p. 1388.) "The intent to be observed while engaging in the offensive conduct is subsumed in the element that the offender 'directs' his conduct toward a child." (*Id.* at p. 1394.) Unlike an act of mere voyeurism, the court reasoned, undertaking offensive conduct where it will likely be observed by children "gives rise to the inference that the actor is a sexual predator—thus, criminalizing the conduct serves the underlying purpose of the statute to protect children from sexual predators." (*Id.* at pp. 1394-1395.) Consequently, "notwithstanding the fact there was no evidence the victim was known in advance to Phillips or she was the specific target of Phillips's offensive conduct," the court concluded the evidence was sufficient to show that "Phillips was engaged in objectively annoying and irritating conduct, that he was motivated by an unnatural or abnormal sexual interest in children, that he directed his conduct towards

4

children, intending to be observed by some child and that he was in fact observed by [the victim]." (*Id.* at p. 1397.)

Relying on this language, defendant asserts that because it was dark and rainy and he did not wake the children as he masturbated inches away from them, the evidence is insufficient as a matter of law to show he acted with the requisite intent to be observed. But *Phillips* held only that where the defendant did not target a specific victim, yet acted so as to give rise to an inference he was a sexual predator by masturbating where he would likely be observed by children as they left school, a trier of fact could reasonably conclude he directed the conduct at a child for purposes of section 647.6, subdivision (a)(1). That *Phillips* did not hold an intent to be observed necessary for a section 647.6 violation is demonstrated by the fact the court did not include this intent in its summary of the elements of a section 647.6 conviction. Rather, it, merely stated "no specific child or children need be the target of the offense" for the conduct to be considered "directed" at a child or children. (*Phillips, supra*, 188 Cal.App.4th at p. 1396.) Furthermore, *Phillips* concluded that CALCRIM No. 1122, which did not and does not include an intent to be observed as an element of the offense, was properly given. (*Phillips*, at p. 1388.) And no such intent is reflected in CALJIC No. 16.440, which was revised in 2011 in response to *Phillips* to provide that the proscribed conduct may be motivated by "children in general."[2] Nor is an intent to be observed mentioned in the three published decisions citing *Phillips*. (See *People v. Schoop* (2012) 212 Cal.App.4th 457, 473; *People v. Valenti* (2016) 243 Cal.App.4th 1140, 1161; *San Nicolas v. Harris* (2016) 7 Cal.App.5th 41, 47.)

---

[2] The comment accompanying the revision stated *Phillips* "held that the crime is committed when motivated by either an unnatural or abnormal sexual interest in a particular child, or in children generally." (Com. to CALJIC No. 16.440 (2021-2 ed.) p. 1078.)

Defendant cites no authority suggesting *Phillips* applies where conduct is directed at victims who are known in advance or are the target of the offensive conduct. Neither does he offer any explanation of how such an application of *Phillips* would align with *People v. Kongs* (1994) 30 Cal.App.4th 1741, which upheld a section 647.6 conviction where the defendant plainly did not intend to be observed when he used the "subterfuge of pretending to be a legitimate photographer while clandestinely trying to peek at [aspiring underage] models' genital areas . . . ." (*Kongs, supra*, at p. 1752.) Likening the defendant's conduct to a "peeping Tom," the *Kongs* court concluded: "The deciding factor for purposes of a [ ] section 647.6 charge is that the defendant has engaged in offensive or annoying sexually motivated conduct which invades a child's privacy and security . . . ." (*Kongs*, at p. 1752, italics omitted.)

*Phillips* did not criticize or attempt to recast the reasoning underlying this case. We conclude, therefore, that *Phillips* did not add a new element to a section 646.7, subdivision (a)(1) conviction; consequently, proof defendant intended to be observed by the sleeping children when he masturbated inches away from them was unnecessary for his conduct to be considered "directed" at those children.

Accordingly, because it was premised on a misinterpretation of the law, we reject defendant's contention that the evidence for his section 647.6, subdivision (a)(1) conviction was insufficient as a matter of law.

## II

### *Unauthorized Sentence*

Defendant asserts, and the People agree, that the trial court erred in imposing a full, separate, and consecutive term for his forcible rape conviction. We agree his sentence is unauthorized, and that full resentencing is warranted.

Generally, if a sentencing court elects to impose consecutive sentences when a defendant is convicted of multiple offenses, the court must impose an aggregate sentence composed of a principal term and subordinate one-third middle terms. (§ 1170.1, subd.

(a).)  However, an exception applies if the offenses involved are certain specified sex offenses.  In that instance, "a full, separate, and consecutive term may be imposed for each violation of [specified sex crimes] if the crimes involve the same victim on the same occasion."  (§ 667.6, subd. (c).)  Or, "[a] full, separate, and consecutive term shall be imposed for each violation of [specified sex crimes] if the crimes involve separate victims or involve the same victim on separate occasions."  (§ 667.6, subd. (d)(1).)

Here, defendant's offenses occurred on separate occasions; thus, section 667.6, subdivision (c) does not apply.  Also inapplicable is subdivision (d) of section 667.6, as defendant's rape conviction is his only applicable offense.  (§ 667.6, subd. (e).)  Therefore, because section 667.6 does not apply to defendant, his sentence was formulated in an unauthorized manner.

Accordingly, we remand for full resentencing.

III

*Abstract of Judgment*

We also agree with the parties that the abstract of judgment warrants correction.  Count 1, for attempted forcible rape of a minor, which currently refers only to the crime of rape under section 261, subdivision (a)(2), should be corrected to indicate that it is also based on section 664, for the attempt.  And count 2, for "Forcible Rape—Minor Victim 14 Years," should be clarified to reflect the jury found only that the victim was a minor 14 years or older, which subjected defendant to a seven-, nine-, or eleven-year term.  (§ 264, subd. (c)(2).)

DISPOSITION

The sentence is vacated, and the matter is remanded for resentencing.  Upon resentencing, the new abstract of judgment is to reflect that the conviction under count 1

7

is based on section 664, and that the conviction for count 2 involved a minor 14 years or older.  In all other respects, the judgment is affirmed.


                                            KRAUSE          , J.



We concur:



          HOCH           , Acting P. J.



          EARL           , J.


8