Filed 9/18/14  P. v. Ford CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039251 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1121314) |
| v. | |
| DARREN VINCENT FORD, | |
| Defendant and Appellant. | |

Defendant Darren Vincent Ford appeals a judgment of conviction following a jury trial.  In this appeal, defendant argues there was insufficient evidence at trial to convict him of annoying or molesting a child in violation of Penal Code section 647.6, subdivision (c)(2).[1]  Defendant also argues the court erred in giving the jury instruction on motive.  (CALCRIM No. 370.)

### STATEMENT OF THE FACTS AND CASE

In December 2011, defendant went to a trailer park in San Jose.  There, he found A.D., who was a six-year-old boy, and M.D., his 11-year-old sister playing outside.  Defendant picked up A.D. and asked if he could kiss the boy.  A.D. said no, and defendant told him not to tell anyone about what had happened.  Defendant then approached M.D. who was playing with a friend.  Defendant told M.D. that she was

---

[1] All further unspecified statutory references are to the Penal Code.

"bonita," and asked if she had a boyfriend and if she wanted one. M.D. felt "weird" about defendant's comments, and she was afraid that defendant "was going to take" her. Defendant then left the trailer park.

After M.D. was approached by defendant, she ran up to an adult in the trailer park, Maribel Cardenas, who was also outside. M.D. was upset, and told Maribel that defendant asked her if she was looking for a boyfriend. Maribel went to the manager's office at the trailer park to report the incident.

The police responded to the call from the trailer park. Officer Camarillo spoke to A.D. in Spanish and asked him what happened. A.D. told the officer that a man came to the trailer park and offered him some sunflower seeds. The man picked A.D. up and said he wanted to kiss him, and not to tell anyone.

Officer Camarillo spoke to M.D., who told him that defendant said "[y]ou are very pretty," and "[d]o you have a boyfriend?" to which she responded that she did not. Defendant then said "Well, I want to be your boyfriend."

Police found defendant and arrested him at a bus stop about 100-200 feet away from the trailer park.

Defendant was charged by information with one count of lewd and lascivious act upon a child under the age of 14 by use of force, violence, duress, menace, or fear, (§ 288, subd. (b)(1)), annoying or molesting A.D., a six-year-old child, with a previous conviction for a violation of section 288, (§ 647.6, subd. (c)(2)), and annoying or molesting M.D., an 11-year-old child, with a previous conviction for a violation of section 288 (§ 647.6, subd. (c)(2).) The information also alleged defendant had suffered a prior conviction for committing a lewd and lascivious act upon a child under the age of 14 by use of force, violence, duress, menace or fear (§ 288, subd. (b)(1)), as a strike and a serious felony (§ 667, subds. (b)-(i); § 667, (a)), a prior conviction for committing a lewd and lascivious act on a child (§ 288, subd. (a)), as a strike (§ 667, subds. (b)-(i)), and a

2

prior conviction for attempting to commit a lewd or lascivious act on child (§§ 664/288, subd. (a).)

After jury trial, defendant was convicted of a misdemeanor assault charge as a lesser-included offense to count 1 (§ 241, subd. (a)), and both counts of violating section 647.6, subdivision (c)(2). The trial court found the enhancement allegations true. Defendant was sentenced to a total term of 50 years in state prison.

## DISCUSSION

Defendant asserts there was not sufficient evidence presented to the jury to support the conviction for annoying or molesting a child under the age of 14. In addition, defendant argues the court erred by giving the jury instruction for motive as stated in CALCRIM No. 370.

### *Sufficiency of the Evidence*

On appeal, defendant argues the evidence was insufficient to support his conviction of violating section 647.6, subdivision (c)(2). He claims that he did not engage in conduct that would without hesitation disturb or irritate a normal person. (CALCRIM No. 1122; see *People v. Carskaddon* (1957) 49 Cal.2d 423, 426 (*Carksaddon*).)

In determining whether the evidence is sufficient to support a conviction, we "review 'the whole record in the light most favorable to the judgment' and decide 'whether it discloses substantial evidence . . . such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' (*People v. Johnson* [1980] 26 Cal.3d 557, 578.) Under this standard, the court does not ' "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." [Citation.] Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' (*Jackson v. Virginia* (1979) 443 U.S.

3

307, 318-319.)" (*People v. Hatch* (2000) 22 Cal.4th 260, 272.) "[T]o determine whether the defendant's conduct would unhesitatingly irritate or disturb a normal person, we employ an *objective* test not dependent on whether the child was in fact irritated or disturbed. [Citations.]" (*People v. Lopez* (1998) 19 Cal.4th 282, 290.)

Here, under an objective evaluation, there is no question that defendant's conduct of approaching a six-year-old-boy he did not know, picking him up and asking him for a kiss would unhesitatingly disturb or irritate a normal person. Nor is there any question that a 51-year-old man asking an 11-year-old girl if he could be her boyfriend would disturb or irritate a normal person. Although defendant's conduct toward A.D. and M.D. was not outwardly lewd, such as exposing himself to a child in public (*People v. McNair* (1955) 130 Cal.App.2d 696, 697), defendant's behavior toward the siblings "would place a normal person in the state of being unhesitatingly irritated, if not fearful." (*People v. Thompson* (1988) 206 Cal.App.3d 459, 467 [driving next to a 12-year-old girl on her bicycle, staring at her, and making gestures toward her with his hands and his lips was considered sufficient to satisfy a conviction for annoying or molesting a child].)

In this case defendant's conduct toward both A.D. and M.D. is not susceptible to an innocent explanation as the defendant's conduct was in *Carskaddon*. In *Carskaddon,* the California Supreme Court reversed a conviction for annoying or molesting a child, where the defendant sat under a tree with two young children and then walked with one of them down a public street. The court concluded that the evidence presented at trial was susceptible to the innocent explanation that the defendant wanted to befriend the child. (*Carskaddon, supra*, 49 Cal.2d at p. 426.) Here, unlike *Carskaddon*, defendant's act of picking A.D. up and asking for a kiss, as well as his act of asking M.D. if he could be her boyfriend, were sexual in nature, and could not be construed as defendant wishing to merely "befriend" them.

4

We conclude substantial evidence supports defendant's conviction for two counts of violating section 647.6, subdivision (c)(2).

### *CALCRIM No. 370*

Defendant asserts it was error for the court to instruct the jury pursuant to CALCRIM No. 370, because the crime of annoying or molesting a child requires the jury to find that defendant had a specific motive.

CALCRIM No. 370 states: "The People are not required to prove the defendant had a motive to commit (any of the crimes/the crime) charged. In reaching your verdict, you may however consider whether the defendant had a motive. [¶] Having a motive may be a factor tending to show that the defendant is guilty. Not having a motive may be a factor tending to show the defendant is not guilty." (CALCRIM No. 370.)

In addition to CALCRIM No. 370, the court also instructed the jury regarding the requirements for a violation of section 647.6, subdivision (c)(2). (CALCRIM No. 1122.) Specifically, the court stated: "To prove that the defendant is guilty of this crime, the People must prove that: [¶] 1. The defendant engaged in conduct directed at a child; [¶] 2. A normal person, without hesitation, would have been disturbed, irritated, offended or injured by the defendant's conduct; [¶] 3. The defendant's conduct was motivated by an unnatural or abnormal sexual interest in the child; [¶] 4. The child was under the age of 18 years at the time of the conduct. [¶] AND [¶] 5. The defendant was previously convicted of having committed a violation of Penal Code section 288."

Conflicting instructions on the mental state element of an alleged offense can act to remove that element from the jury's consideration and therefore constitute a denial of federal due process. (*People v. Maurer* (1995) 32 Cal.App.4th 1121, 1128.) It must appear beyond a reasonable doubt that the error did not contribute to the verdict. (*Id*. at p. 1129; see *Chapman v. California* (1967) 386 U.S. 18, 24.) When the trial court fails to instruct on an element of an offense, the inquiry is whether it is "clear beyond a

5

reasonable doubt that a rational jury would have found the defendant guilty absent the error." (*Neder v. United States* (1999) 527 U.S. 1, 18.) In making this harmless-error inquiry, we conduct a thorough examination of the record. (*Id.* at p. 19.)

Here, there is no question the court erred in giving CALCRIM No. 370 without also giving an instruction limiting its application to the charges in count 1. As presented to the jury, it appeared CALCRIM No. 370 also applied to the allegations in counts 2 and 3, which is not correct. However, in this case, the instructional error was harmless beyond a reasonable doubt. (*Neder, supra,* 527 U.S. at p. 19.)

There was abundant evidence presented at trial that defendant's motive in annoying and molesting A.D. and M.D was based on an "unnatural or abnormal sexual interest in" them. (CALCRIM No. 1122.) In particular, the jury was aware of defendant's prior conviction for a violation of section 288, and was instructed that it would consider the conviction "for the limited purpose of deciding whether or not [defendant] was motivated by an unnatural or abnormal sexual interest in children." (See CALCRIM No. 375.) In our view, the record here does not contain any evidence that could lead a rational jury to a contrary conclusion with respect to defendant's abnormal sexual interest in children, an element of the violation of section 647.6 violations. The instructional error was harmless beyond a reasonable doubt.

### DISPOSITION

The judgment is affirmed.

6

_____

RUSHING, P.J.

WE CONCUR:

_____

PREMO, J.

_____

ELIA, J.