[No. B235091. Second Dist., Div. Three. Oct. 1, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
TROY SMITH, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of part 3. of the Factual and Procedural Background and parts 1. and 3. of the Discussion.

## COUNSEL

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, James William Bilderback II, Marc A. Kohm and Mark E. Weber, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CROSKEY, J.**—The trial court convicted Troy Smith (defendant) of five counts of indecent exposure stemming from three separate incidents involving two different groups of witnesses. In the third incident, defendant exposed himself while standing outside a residential window. The occupants of the residence observed defendant exposing himself, and closed the curtain on the window. Reopening the curtain, they again saw defendant exposing himself. For this conduct, defendant was convicted of two counts of indecent exposure. We conclude there was a single exposure only and reverse one of defendant's convictions. In the unpublished portions of this opinion, we reject defendant's contention of *Marsden*[1] error, and accept his argument that his conduct credits were miscalculated. We reverse the conviction of a single count, modify the conduct credits, and otherwise affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *The Incidents*

 a. *January 13, 2011 (Counts 1 and 2)*

On January 13, 2011, 17-year-old Karen M.[2] went to throw away trash in a dumpster in the alley behind her apartment. Karen M. noticed defendant by the dumpster, felt uncomfortable, and asked her 13-year-old friend, Michelle R., to accompany her. As they approached the dumpster, defendant exposed his penis and began masturbating. Michelle R.'s cousin, Victor F., was visiting and approached the girls by the dumpster. As he approached, defendant pulled up his pants and walked away. Victor F. temporarily left and

---

[1] In a *Marsden* motion, a defendant requests the judge to appoint new counsel because he or she believes that current counsel is providing ineffective assistance. (*People v. Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44] (*Marsden*).)

[2] To preserve anonymity, we do not identify minor witnesses by their last names.

Michelle R.'s mother and grandmother arrived at the scene. Defendant returned and recommenced masturbating. When Victor F. returned, defendant left on a bicycle.

### b. *February 22, 2011 (Count 3)*

Karen M. was playing basketball with her friend, Gabriela V., and Gabriela V.'s cousin, behind Karen M.'s apartment on February 22, 2011. Defendant stood on the other side of a fence in the alley[3] and proceeded to expose his penis and masturbate. From inside the apartment, Gabriela's father heard a commotion and took several photographs of defendant, one of which depicted defendant holding his penis.

### c. *February 24, 2011 (Counts 4 and 5)*

On February 24, 2011, 0.2 miles from the location of the previous two incidents, Maria Hernandez heard a noise outside her living room window and saw defendant masturbating in her backyard. She closed the curtain. Her 16-year-old daughter, Abilenne C., entered the room, opened the curtain, saw defendant masturbating, and closed the curtain. Hernandez's other daughter, Yara C. also saw defendant masturbating. It was alleged that the two indecent exposure counts were separated by the opening and closing of the curtain, which gave defendant an opportunity to reconsider his conduct and desist.

### 2. *The Charges*

Defendant was charged by information with five counts of indecent exposure with a prior conviction (Pen. Code, § 314, subd. (1).)[4] It was further alleged that defendant suffered two prior serious felony convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), and served four prior prison terms (§ 667.5, subd. (b)).

### 3. *The* Marsden *Motions*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### 4. *The Trial*

The case proceeded to jury trial. Karen M., Michelle R. and Victor F. testified to the acts in counts 1 through 3. Maria Hernandez, Yara C., and Abilenne C. testified to the acts in counts 4 and 5.

---

[3] It is unclear how close defendant was to the location in counts 1 and 2.

[4] Unless otherwise indicated, all further statutory references are to the Penal Code.

[*] See footnote, *ante,* page 910.

In defense, defendant's sister testified that defendant was present at her house on February 24 (counts 4 and 5), having watched television with his nephew all morning. Defendant testified that he lived with his sister and that he was at his sister's home on the dates and times alleged in counts 1, 2, 4, and 5. He admitted to his presence in the alley on February 22 (count 3) but testified that he was urinating and not masturbating.

### 5. Conviction and Sentencing

The jury found defendant guilty on all five counts. In a bifurcated trial, it found the allegations of two serious felony convictions, four prior prison terms, and a prior indecent exposure conviction true. Before sentencing, defendant filed a brief arguing that one count from counts 1 and 2 and one from counts 4 and 5 should be stayed pursuant to section 654. The trial court rejected defendant's argument. The trial court struck one of the prior serious felony convictions in the interests of justice. Defendant was sentenced to a total of 15 years four months in prison. This was calculated as follows: the upper term of three years, doubled to six years on count 1, and on counts 2 through 5, consecutive 16-month terms. The court imposed an additional year for each of defendant's four prior prison terms pursuant to section 667.5, subdivision (b). The court imposed various fines and fees on defendant, and awarded him a total of 199 days[10] of presentence custody credits. Defendant filed a timely notice of appeal.

## ISSUES ON APPEAL

Defendant raises three issues on appeal. First he contends that the denial of his *Marsden* motions constituted a denial of his Sixth Amendment right to counsel. Second, he contends that he cannot be properly convicted of two counts for the single exposure on February 24.[11] Third, he contends that because these crimes were nonviolent, he is entitled to a total of 248 days of presentence credit.

## DISCUSSION

### 1. The Trial Court's Denial of the Marsden Motions Was Not an Abuse of Discretion*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

[10] This consisted of 166 actual days plus 33 days' local conduct credit.

[11] Defendant initially argued that punishment for both counts violated section 654. We sought additional briefing on whether defendant could be convicted of both counts.

*See footnote, *ante*, page 910.

## 2. *Defendant Was Improperly Convicted of Two Counts for the February 24 Incident*

The California Constitution provides that no person may be put in jeopardy twice for the same offense. (Cal. Const., art. I, § 15.) Multiple convictions can be based on a single criminal act, if the charges allege separate offenses. (*People v. Coyle* (2009) 178 Cal.App.4th 209, 217 [100 Cal.Rptr.3d 245].) The issue of whether one continuous act of indecent exposure can sustain multiple convictions when consecutive victims witnessed the same exposure over an uninterrupted period is one of first impression in California. We first look at the language of our indecent exposure statute. Second, we turn to cases in other jurisdictions which have considered the issue.

California's indecent exposure statute provides that any person who willfully and lewdly "[e]xposes his person, or the private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby," is guilty of indecent exposure. (§ 314, subd. 1.) The language of the statute prohibits the *exposure* itself and not the specific exposure to a person. In fact, the number of observers is not an element of the offense. (See *People v. Carbajal* (2003) 114 Cal.App.4th 978, 986 [8 Cal.Rptr.3d 206] (*Carbajal*) [holding that visual observation of the offense is not required to support an indecent exposure conviction].) Thus, since defendants can violate the statute by exposing themselves in a public forum where no witnesses *actually* see the defendants' genitalia, something other than the number of observers must determine where one act of indecent exposure ends and another begins. Because neither party has cited to, nor has independent research disclosed, any California authority addressing this issue, we may look to other jurisdictions for guidance. (*Id.* at pp. 982–986.)

The State of Washington has a similar indecent exposure statute to California. Its statute states that "[a] person is guilty of indecent exposure if he or she intentionally makes any open and obscene exposure of his or her person . . . knowing that such conduct is likely to cause reasonable affront or alarm." (Wn. Rev. Code Ann. § 9A.88.010(1).) Like the California statute, there is no mention of the number of observers.

In *State v. Vars* (2010) 157 Wn.App. 482 [237 P.3d 378] (*Vars*), the court focused on the act of exposure as the gravamen of the offense in interpreting the Washington statute to provide that a single act of indecent exposure is committed regardless of the number of observers. (*Id.*, 237 P.3d at

p. 386.) There, the defendant undressed and walked around naked for a period of hours without covering himself in between observations. (*Id.* at p. 387.) He was convicted of two counts of indecent exposure, but one count was reversed on appeal because his conviction of the two counts violated the prohibition against double jeopardy. (*Ibid.*; see *Harris v. State* (Tex.Crim.App. 2011) 359 S.W.3d 625 [declaring the act of exposure as the unit of prosecution and reversing two of three convictions after defendant exposed himself to three children simultaneously]; *Commonwealth v. Botev* (2011) 79 Mass.App.Ct. 281 [945 N.E.2d 956] [holding that two convictions for open and gross lewdness arising from a single act witnessed by multiple victims violated the prohibition against double jeopardy]; *Commonwealth v. Laudadio* (2007) 2007 PA Super. 366 [938 A.2d 1055] [vacating one of two convictions of open lewdness and holding that the offense precludes multiple punishments when multiple witnesses observe the same act]; *Ebeling v. State* (2004) 120 Nev. 401 [91 P.3d 599] [reversing one of two convictions of indecent exposure when defendant exposed himself to two victims at the same time]; but cf. *State v. Fusco* (1999) 136 N.C.App. 268 [523 S.E.2d 741] [affirming two indecent exposure convictions when defendant was observed by multiple witnesses simultaneously, but not considering whether this violated double jeopardy.]) We agree with the Washington, Texas, Massachusetts, Pennsylvania, and Nevada courts that the gravamen of indecent exposure is the exposure and not the number of observers.

The prosecution argues that *Vars* conflicts with California principles of criminal law in that the crime in Washington is against morality rather than against victims. However, as previously discussed, our indecent exposure statute is very similar to that of Washington in that both statutes can be violated by an exposure occurring in a public place. Requiring that the act occur in an open area suggests that the crime does not require specific victims. This is further supported by the fact that visual observation of the genitals is not an element of indecent exposure in California. (*Carbajal, supra,* 114 Cal.App.4th at p. 986.)

The prosecution further argues that the closing and opening of the window curtain by Maria Hernandez and her daughter, on February 24, 2011, resulted in a break between each act of exposure and thus defendant was properly charged with separate indecent exposure offenses. We disagree. While there may have been a break between *observations* of defendant, there is no evidence that he ever pulled up his pants or stopped masturbating.[12] In fact, when the curtain closed and opened, defendant was still exposed in the same spot; the only intervening act was by the observers.

---

[12] In contrast, defendant was properly convicted of counts 1 and 2 because he pulled up his pants and walked away between the two acts of exposure.

■ A course of conduct, which is divisible in time where the offenses are temporally separated as to afford a defendant an opportunity to reflect and renew his or her criminal intent before committing the next offense, may give rise to multiple violations of the law. (*People v. Clair* (2011) 197 Cal.App.4th 949, 960 [129 Cal.Rptr.3d 35].) The prosecution argues that defendant had an opportunity to reflect when the curtain closed. However, there was no temporal separation between the offenses because the record reflects that defendant continued masturbating throughout the entire incident. To find that defendant had an opportunity to reflect, we would have to accept that a defendant has sufficient ability to reflect while still committing the initial act. We refuse to draw this conclusion. To do so would allow a trespasser to be charged in separate counts for each step taken during a trespass, or a possessor of controlled substances to be charged in separate counts for each minute of possession. As a legal proposition, defendant had no more time to reflect on his conduct than any other defendant whose crime takes place in more than one moment.

The prosecution attempts to analogize the present case to *People v. Harrison* (1989) 48 Cal.3d 321 [256 Cal.Rptr. 401, 768 P.2d 1078] where three undisputed sexual penetrations led to three separate convictions. There, the defendant unsuccessfully argued that since all penetrations were close in time and subject to the same intent, they should only be considered to constitute one offense, despite the plain language of the statute prohibiting forcible sexual penetrations. Here, the plain language of the statute talks in terms of exposures, so there is no statutory basis for charging separate violations based on the number of viewings. This case more closely parallels *Vars* because both defendants exposed themselves to multiple people over a continuous period of time.

■ Because it is the exposure that is the gravamen of the offense, we conclude that defendant only indecently exposed himself once on February 24, 2011. We reverse his count 5 conviction and modify his sentence to strike one of the consecutive 16-month terms.

 3. *Defendant Is Entitled to an Additional 49 Days of Local Conduct Credit**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 910.

## *DISPOSITION*

Defendant's count 5 conviction is reversed and he is entitled to an additional 49 days of local conduct credit. Defendant's sentence is modified to delete the consecutive 16-month term attributable to count 5, and to award an additional 49 days of local conduct credit. As so modified, the judgment is affirmed.

Klein, P. J., and Aldrich, J., concurred.