Filed 10/24/22 P. v. Smith CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. DONALD RAY SMITH, Defendant and Appellant. | F081743 (Super. Ct. No. CRF60458) **OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tuolumne County. Kevin M. Seibert, Judge.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and John Merritt, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

# INTRODUCTION

On June 24, 2019, Victim 1 visited his grandmother's house where his two siblings (Victims 2 & 3) and defendant Donald Ray Smith resided. While at the house, the siblings were taking pictures underneath the porch when defendant joined the children and began masturbating in front of them. On July 31, 2020, a jury convicted defendant of annoying or molesting Victim 1, a child under the age of 18 years (Pen. Code, § 647.6, subd. (c)(2);[1] count 1); annoying or molesting Victim 2, a child under the age of 18 years (§ 647.6, subd. (c)(2); count 2); and annoying or molesting Victim 3, a child under the age of 18 years (§ 647.6, subd. (c)(2); count 3). As to count 1, the trial court sentenced defendant to the middle term of four years. As to counts 2 and 3, the trial court stayed both sentences pursuant to Penal Code section 654.[2]

On appeal, defendant contends he was improperly convicted of multiple violations of section 647.6, subdivision (c)(2), all relating to a single criminal act because the statute criminalizes conduct and does not require a defendant to intend to victimize a specific child. The People concede error.

Although the People concede error, we conclude section 954 does not preclude multiple violations of section 647.6, even if the offenses all relate to a single criminal act, because the statute is concerned with whether a normal person would be irritated or annoyed, irrespective of the child victims' state of mind. Further, we choose to broadly interpret criminal liability under section 647.6 because its primary purpose is the protection of children from interference by sexual offenders. Accordingly, we affirm the judgment.

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    After defendant's trial, he pled guilty to count 4, failing to register his address as a section 290 registrant (§ 290.011, subd. (a)). The trial court then sentenced defendant on count 4 to an eight-month term (one-third the middle term of two years) to be served consecutive to count 3.

# FACTS

## I. Prosecution Case-in-Chief

### A. The Sex Offense

Victim 1 was 10 years old at the time of trial and has two sisters, Victims 2 and 3. Victim 2 was seven years old and Victim 3 was five years old at the time of trial.

On June 24, 2019, Victim 1 visited his grandmother's house near Don Pedro and La Grange where defendant, the grandmother's husband, Victims 2 and 3, and two dogs resided. During this visit, the grandmother told Victims 1, 2, and 3 to go outside because they "were making a mess [inside] playing with toys." After the children went outside, defendant followed behind and sat on top of the porch. The children began taking photos with Victim 1's new phone on and underneath the porch. Defendant subsequently joined the children and lay down on the ground next to them. Defendant then removed his clothes and began moving his hands up and down, "[p]laying with his penis." Defendant masturbated for two minutes. At this point, Victim 1 told Victims 2 and 3 to "get up so [they] can go." Defendant eventually crawled out from underneath the porch using a cane. Victim 1 did not tell anyone about the incident because he "was scared" and it made him feel "weird."

### B. Subsequent Law Enforcement Investigation

On July 19, 2019, Officer Michael Carson of the City of Angels Camp Police Department conducted a follow-up investigation regarding a possible crime. Carson arrived on scene and reviewed contents of a cell phone, specifically multiple photographs. Carson observed one photograph that appeared to show a penis and a testicle. Carson asked Victim 1 about the photograph, and Victim 1 said "[t]hat he was under the deck with [Victims 2 and 3], and [defendant] came down there" and "started taking off his clothes and was acting weird and had taken his penis out." Victim 1

3.

mentioned there was a penis in the photograph. It was later determined the photograph was taken at the grandmother's house on June 24, 2019.[3]

Subsequently, Deputy Niccoli Sandelin and Sergeant Jacob Ostoich received a call to assist in a potential sex crime investigation. Sandelin contacted Victim 1's grandmother who was "instantly agitated." While speaking with the grandmother, Sandelin noticed defendant walk over from the "front deck porch area" using a cane. Sandelin then spoke with defendant who said that he "had been at the … residence this latest time for approximately two to three days."

Ostoich then contacted Victims 2 and 3 who were both individually interviewed. The grandmother's husband was also present during these interviews. During Victim 2's interview, her demeanor was "a little bit shy, kind of bubbly in a sense." Ostoich asked Victim 2 if defendant had done anything inappropriate and she immediately responded, "He didn't touch me anywhere." However, it was later determined someone other than defendant had touched her inappropriately. Ostoich then interviewed Victim 3 who was "kind of shy," but she did not make any disclosures related to defendant.

Defendant was then placed under arrest. He was later interviewed and denied being at the house around the time of the incident.

Subsequently, a multidisciplinary team of individuals from several different agencies within Tuolumne County conducted interviews of Victims 1, 2, and 3. The team first interviewed Victim 1 who was "confident" and appeared "well-spoken and matter-of-fact." Victim 1 stated during the incident defendant masturbated until he ejaculated. During Victim 2's interview, she appeared "reclusive" and was "slumped over" in her chair. Victim 2 did not disclose any inappropriate behavior. Victim 3, who

---

**3** During the trial, the People identified this photograph as exhibit 6 and moved the exhibit into evidence.

4.

was four years old at the time of her interview, was unable to differentiate between a truth and lie and thus was not certified.

## II.    Defense Case-in-Chief

The defense called a private investigator, Al Costa, who took photographs of defendant's genitalia.

The defense also called the grandmother who testified when defendant falls to the ground, he often needs help getting up. She also testified defendant walked with the assistance of a cane and that "[i]f he's sitting on the ground, there's no way he can get up off the dirt" without help. Lastly, she testified defendant was with her on June 24, 2019, but she did not remember anything unusual happening that day.

The defense then called Dr. Alan Rubenstein, an expert in veterinary medicine, who had previously viewed the photograph (exhibit 6) and testified it appeared to depict a dog's penis, but he admitted he was unsure about this conclusion. Rubenstein formed the conclusion the penis had been removed from the dog based on the little girl in the photograph appearing unconcerned.

Lastly, the defense called Victim 2 who testified she did not remember defendant joining them underneath the porch and did not remember seeing him naked. Victim 2 did mention that when defendant was arrested, she felt "[r]eally, really nervous."

## III.    The Prosecution's Rebuttal

The People recalled Investigator Scott Meyer who was present during Victim 2's interview. During the interview, Victim 2 stated she heard her grandmother and her grandmother's husband talking about Victim 1 taking photographs. Moreover, Victim 2 mentioned she remembered Victim 1 taking photographs underneath the porch and she had heard a conversation between her grandmother and her grandmother's husband where they discussed the children "in the home were going to have to go with [Child Protective Services]" because of the photograph.

Lastly, the People called Dr. Mitchell Luce, an expert in veterinary sciences, who testified he did not believe the genitalia depicted in the photograph (exhibit 6) was a dog's penis.

## DISCUSSION

Defendant contends he was improperly convicted of multiple violations of section 647.6, subdivision (c)(2), all relating to a single criminal act because the statute criminalizes conduct and does not require an intent to victimize a specific child. Although the People concede error, we conclude section 954 does not preclude multiple violations of section 647.6 and therefore affirm the judgment in its entirety.

**I.    Applicable Law**

Section 954 provides in pertinent part:

> "An accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts .… The prosecution is not required to elect between the different offenses or counts set forth in the accusatory pleading, but the defendant may be convicted of any number of the offenses charged .…"

"Under section 954, as [our Supreme Court] ha[s] interpreted it, 'a defendant properly may be convicted of two offenses if neither offense is necessarily included in the other, even though under section 654 he or she could not be punished for more than one offense arising from the single act or indivisible course of conduct.' " (*People v. Vidana* (2016) 1 Cal.5th 632, 637.) However, section 954 " 'does not permit multiple convictions for a different statement of the same offense when it is based on the same act or course of conduct.' " (*Vidana*, at p. 650.)

Section 647.6, subdivision (a)(1),[4] prohibits annoying or molesting any child under 18 years of age and does not require that the defendant's conduct be directed at a

---

[4]    Defendant was convicted of three separate violations of section 647.6, subdivision (c)(2). "Every person who violates this section shall be punished upon the second and each subsequent

6.

*specific* victim. (See *People v. Phillips* (2010) 188 Cal.App.4th 1383, 1395–1396 (*Phillips*) [holding that for purposes of § 647.6, subd. (a), the conduct must be directed at a child or children, but no specific child or children need to be the target of the offense].) "[T]o constitute a violation of Penal Code section 647.6, subdivision (a)(1), there must be evidence that the perpetrator engaged in annoying or molesting conduct that would irritate or annoy a normal person and that such conduct annoyed or molested 'any child.' " (*Id*. at p. 1394.)

Both parties direct this court to *People v. Smith* (2012) 209 Cal.App.4th 910 (*Smith*) as instructive. In *Smith*, the mother "heard a noise outside her living room window and saw [the] defendant masturbating in her backyard." (*Id*. at p. 913.) Subsequently, the mother's "16-year-old daughter … entered the room, opened the curtain, saw [the] defendant masturbating, and closed the curtain." (*Ibid*.) The "other daughter … also saw [the] defendant masturbating," and "[i]t was alleged that the two indecent exposure counts were separated by the opening and closing of the curtain, which gave [the] defendant an opportunity to reconsider his conduct and desist." (*Ibid*.) However, "[w]hile there may have been a break between observations of [the] defendant, there [was] no evidence that he ever pulled up his pants or stopped masturbating." (*Id*. at p. 916, italics omitted.)

As *Smith* pointed out, "The language of [section 314] prohibits the exposure itself and not the specific exposure to a person." (*Smith*, *supra*, 209 Cal.App.4th at p. 915, italics omitted.) The prosecution argued that "the closing and opening of the window curtain" by the mother and her daughter "resulted in a break between each act of exposure and thus [the] defendant was properly charged with separate indecent exposure offenses." (*Id*. at p. 916.) However, the court disagreed and concluded, "While there

conviction by imprisonment in the state prison." (§ 647.6, subd. (c)(1).) This offense is the same as the offense listed in section 647.6, subdivision (a)(1), except that the offenses are felonies due to a prior conviction for a violation of section 288, subdivision (c).

7.

may have been a break between observations of [the] defendant, there is no evidence that he ever pulled up his pants or stopped masturbating. In fact, when the curtain closed and opened, [the] defendant was still exposed in the same spot; the only intervening act was by the observers." (*Ibid*., fn. & italics omitted.) Moreover, "there was no temporal separation between the offenses because the record reflects that [the] defendant continued masturbating throughout the entire incident," and thus, the "defendant had no more time to reflect on his conduct than any other defendant whose crime takes place in more than one moment." (*Id*. at p. 917.) Accordingly, "[b]ecause it is the exposure that is the gravamen of the offense, [the court] conclude[d] that [the] defendant only indecently exposed himself once on February 24, 2011." (*Ibid*.)

With that being said, we do not find *Smith* persuasive because the offense of section 647.6, subdivision (a)(1), at issue in this case, is more serious than a violation of section 314. (*Phillips*, *supra*, 188 Cal.App.4th at p. 1397.) Section 314 states, "Every person who willfully and lewdly … [¶] [e]xposes his person, or the private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby .…" is guilty of a crime. (§ 314, subd. (1).) However, defendant's conduct is more offensive than public indecent exposure. In *People v. Tate* (1985) 164 Cal.App.3d 133, this court concluded, "[t]he offenses which constitute a violation of Penal Code section 647a[5] are more offensive than violations of section 647, subdivision (a) [lewd or dissolute conduct in a public place], and section 314, subdivision (1) [indecent exposure]. Section 647a contemplates a crime more serious than indiscreet gesture, public nuisance, or sexual indiscretion. A conviction under section 647a requires motivation of unnatural abnormal sexual interest in children." (*Id*. at p. 138.)

---

**5**    Former section 647a was renumbered section 647.6 and amended by Statutes 1987, chapter 1418, section 4.3.

Instead, we find *Phillips* instructive. In *Phillips*, the defendant sat in the driver's seat of his car, with the window open, and began masturbating. (*Phillips*, *supra*, 188 Cal.App.4th at p. 1386.) A minor walked by and glanced into the car and observed him masturbating. (*Ibid*.) Defendant was subsequently convicted of a violation of section 647.6, subdivision (a)(1), but argued there was insufficient evidence to support his conviction because "there was no evidence that his actions were directed at the particular [child] victim." (*Id*. at pp. 1387–1388.) The court disagreed and held, "[I]n sum, a violation of Penal Code section 647.6, subdivision (a) requires proof of the following elements: (1) the existence of objectively and unhesitatingly irritating or annoying conduct; [fn. omitted] (2) motivated by an abnormal sexual interest in children in general or a specific child; (3) the conduct is directed at a child or children, though no specific child or children need be the target of the offense; and (4) a child or children are victims." (*Id*. at p. 1396.) The statute "criminalizes the offensive conduct, whether or not a particular child was the perpetrator's target. To conclude otherwise … makes no sense and would undermine the purpose of the statute to protect all children from sexual predators." (*Ibid*., italics omitted; see also *In re D.G.* (2012) 208 Cal.App.4th 1562, 1571 ["[t]he primary purpose of section 647.6 'is the "protection of children from interference by sexual offenders" ' "].) However, as both parties correctly point out, no published case has directly considered whether a defendant can be convicted of separate violations of section 647.6, subdivision (a) for each child victim who witnessed a single offense.

## II.    Analysis

Applying the reasoning of *Phillips*, we hold a defendant can be convicted of separate violations of section 647.6 for each child victim even when there is only a single act or course of conduct alleged as the basis for the multiple convictions. (See *People v. Vidana*, *supra*, 1 Cal.5th at p. 637.) As *Phillips* states:

> "[I]n our view Penal Code section 647.6, subdivision (a)(1)
> criminalizes annoying or molesting conduct directed toward an individual

9.

child and also such conduct directed to children in general, where any child is the victim of the conduct. As our discussion above demonstrates, there is nothing in the statute or any case law directly on point that requires the defendant to have singled out any particular child (or group of children) in advance for his actions. Penal Code section 647.6, subdivision (a)(1) criminalizes the offensive conduct, whether or not a particular child was the perpetrator's target. To conclude otherwise—to find that a defendant can (without violating Pen. Code, § 647.6, subd. (a)(1)) annoy or molest any child simply because he has not focused his actions on any particular child—makes no sense and would undermine the purpose of the statute to protect *all children* from sexual predators." (*Phillips*, *supra*, 188 Cal.App.4th at pp. 1395–1396.)

Furthermore, "to determine whether the defendant's conduct would unhesitatingly irritate or disturb a normal person, we employ an *objective* test not dependent on whether the child was in fact irritated or disturbed." (*People v. Lopez* (1998) 19 Cal.4th 282, 290.) Accordingly, because section 647.6 is concerned with the protection of "all children from sexual predators" (*Phillips*, *supra*, 188 Cal.App.4th at p. 1396), and is not concerned with whether a child was in fact molested or annoyed, but is rather focused on whether a normal person would be objectively irritated or annoyed (*Lopez*, at p. 290), we conclude section 954 does not bar multiple violations of section 647.6 even when there is only a single act or course of conduct as the basis for the multiple violations.

Here, defendant followed the three children underneath the porch, lay down on the ground next to them, and masturbated for two minutes. Although the People presented no evidence and did not argue in closing argument that defendant directed his conduct toward each child individually, all the statute requires is that defendant's conduct "would unhesitatingly irritate or disturb a normal person … [and is] not dependent on whether the child[ren] w[ere] in fact irritated or disturbed." (*People v. Lopez, supra*, 19 Cal.4th at p. 290.) Any normal person would feel objectively irritated or disturbed by defendant's act of pulling down his pants and masturbating. Accordingly, we affirm defendant's three separate convictions for a violation of section 647.6.

## **DISPOSITION**

For the foregoing reasons, we affirm the judgment.

HILL, P. J.

WE CONCUR:


POOCHIGIAN, J.


DETJEN, J.

11.